**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 CV 6593 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) | Judge Gottschall  Magistrate Judge Keys |
| Defendants. | ) | |

**TRAVELERS CASUALTY AND SURETY COMPANY**
**OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**
**COMPLAINT FOR DECLARATORY RELIEF**

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by and through its attorneys, Boundas, Skarzynski, Walsh & Black, LLC, submits this Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory Relief and states as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs are insured by Defendants Travelers Casualty and Surety Company of America ("Travelers") and Merrimack Mutual Fire Insurance Company ("Merrimack") under various policies of insurance. Plaintiffs bring this action pursuant to Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701), against the Defendants to obtain a declaration that the Defendants' insurance policies provided defense and indemnity coverage to Plaintiffs for the claims made against them in a lawsuit filed by Margaret Goldberg in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Cause No. 06 CH 24682, captioned *Margaret Goldberg v. Astor Plaza Condominium Association, et al.* (the "*Goldberg* Litigation").

**ANSWER:**      Travelers admits that it issued a Non-Profit Management and Organization Liability Insurance Policy to Astor Plaza Condominium Association for the Policy Period of

December 27, 2005 to December 27, 2008 (the "Travelers Policy"). Travelers admits that Plaintiffs brought this action against Travelers to obtain a declaration that the Travelers Policy provides defense and indemnity coverage to Plaintiffs for the *Goldberg* Litigation. Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 1.

## JURISDICTION AND VENUE

2.     This court has jurisdiction pursuant to the Declaratory Judgment Act, 735 ILCS 5/2-701. There is an actual controversy between the parties and a declaratory judgment is necessary to determine the parties' rights and obligations relative to the payment of defense and indemnity costs for a pending litigation matter.

**ANSWER:**     Travelers admits that there is an actual controversy between the parties. Travelers denies all remaining averments in Paragraph 2.

3.     Venue is appropriate pursuant to 753 ILCS 5/2-103(e).

**ANSWER:**     Travelers denies that 753 ILCS 5/2-103(e) is a statute or rule promulgated in Illinois related to venue. To the extent that Plaintiffs intended to allege that venue is appropriate pursuant to 735 ILCS 5/2-103(e), venue of the complaint, as filed, properly lay in Cook County, Illinois. This action has since been removed and venue now properly lies in the Northern District of Illinois.

## THE PARTIES

4.     Plaintiff, Astor Plaza Condominium Association ("Astor Plaza"), is a Condominium Association organized under the laws of the State of Illinois, which serves as the association for the condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4.

5.     Plaintiff, Daniel G. Mohen ("Mohen"), is an Illinois resident living in Unit 2E of the Astor Plaza condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 5.

    6.     Plaintiff, Travis W. Cochran ("Cochran"), is an Illinois resident living in Unit 1W
of the Astor Plaza condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 6.

    7.     Plaintiff, Geeta Krishnamurthi ("Krishnamurthi"), is an Illinois resident living in
Unit 3W of the Astor Plaza condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 7.

    8.     Plaintiff, William S. Loder ("Loder"), is an Illinois resident living in Unit 4W of
the Astor Plaza condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 8.

    9.     Plaintiffs Mohen, Cochran, Krishnamurthi, and Loder are current members of the
Board for Astor Plaza.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 9.

    10.     On information and belief, defendant Travelers is an insurance company
authorized to transact insurance business in Illinois.

**ANSWER:**     Admitted.

    11.     On information and belief, defendant Merrimack is an insurance company
authorized to transact insurance business in Illinois.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 11.

3

12.    Margaret Goldberg ("Goldberg") is an Illinois resident living in Unit 4E of the Astor Plaza condominium located at 39 East Schiller in Chicago, Illinois.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 12.

13.    Goldberg is the plaintiff in an action more fully described below.

**ANSWER:**    Admitted.

## FACTS COMMON TO ALL COUNTS

### The Goldberg Litigation

*A.    Goldberg's Original Complaint.*

14.    In November 14, 2006, Goldberg filed a lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Cause No. 06 CH 24682, captioned *Margaret Goldberg v. Astor Plaza Condominium Association, et al.* (A copy of the original *Goldberg* Complaint is attached and incorporated by reference, as if fully set forth herein, as Exhibit "A").

**ANSWER:**    Admitted.

15.    In the original Complaint, Goldberg alleged certain actions and/or inactions of the Astor Plaza Condominium Association Board of Directors relative to her and certain common elements and limited common elements associated with her condominium unit. Count I was a claim for oppression of a minority shareholder pursuant to the Illinois Business Corporations Act, and Count II was for declaratory relief.

**ANSWER:**    Travelers admits that the Plaintiffs accurately characterize the gist of the original

Complaint filed by Goldberg, but is without knowledge or information sufficient to form a belief

as to the truth of the averments in that original Complaint.

16.    The original Complaint included the following allegations, among others:

(a)    Goldberg has experienced oppression as a minority owner by certain actions and proposed actions of the Astor Plaza Board of Directors;

(b)    over the course of the last five or six years, Goldberg found it increasingly difficult to get responses to her concerns with regard to the building;

4

(c)     Goldberg was "compelled" to retain counsel because the Association disregarded her interests and was failing to complete work that was to have been done with regard to a number of common elements affecting her property; and

(d)     Astor Plaza disregarded Goldberg's concerns about the front window frame on her unit and the structural integrity of the window casings on the side of her unit, reneged on a commitment to repair Goldberg's exterior metal balcony, effectively set aside Goldberg's complaints about building security, and continued to enforce building rules and regulations only on a selective and discriminatory basis.

**ANSWER:**     Travelers admits that the Plaintiffs have paraphrased the original Complaint filed by Goldberg, but denies that these portions of the original Complaint filed by Goldberg are quoted accurately in Paragraph 16. Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 16.

17.     Goldberg further complained about a renovation plan that began in September 2006 which was allegedly aimed primarily at improving the overall appearance of the front lobby and building façade.

**ANSWER:**     Travelers admits that Goldberg complained about a renovation plan to the front lobby and building façade, but Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 17.

18.     In Count I, Goldberg requested the court to grant the following relief:

(a)     the entry of an order requiring the Board to complete the work required with regard to the limited common elements adjoining the Goldberg unit, including work with regard to the window casing in front of Goldberg's unit, the side window frames, and her balcony;

(b)     the entry of an order prohibiting Astor Plaza from entering into any financing agreement that would serve to create a lien on the common elements, common fund or individual units of owners, as well as any interest or right in the Property, pursuant to the by-laws;

(c)     the entry of an order appointing a custodian or receiver to manage the business and affairs of the corporation until such time as a Board has been

5

constituted pursuant to the governing documents which is prepared to perform its duties in accordance with the same; and

(d)    the entry of an order granting Goldberg her costs of suit and such additional relief as the Court deems just and proper or to which she is otherwise entitled as a matter of law.

**ANSWER:**    Travelers admits that the Plaintiffs state with substantial accuracy the relief requested in the original Complaint filed by Goldberg, but Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 18.

19.    On information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory or injunctive relief requested by Goldberg if they were to be compelled to complete work as requested, and/or to pay for completion of said work.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19.

**B.    *Goldberg's First Amended Complaint.***

20.    Goldberg later filed a First Amended Complaint with more detailed factual allegations, and which contained the same two counts as those in the original complaint.  (A copy of the First Amended Complaint is attached and incorporated by reference, as if fully set forth herein, as Exhibit "B").

**ANSWER:**    Travelers admits that Plaintiffs attached a copy of a First Amended Complaint, but Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 20 because the attached First Amended Complaint lacks a file stamp by the court and a signature by the Plaintiffs' attorney.  Travelers denies all remaining averments in Paragraph 20.

21.    In the First Amended Complaint, Goldberg alleged, among other things, that the defendants (Plaintiffs herein) have acted in a manner that was oppressive with regard to Goldberg's interest in the building, in dereliction of the obligations imposed upon them by the governing documents, in bad faith and in an arbitrary, overbearing and heavy-handed manner,

and in a manner likely to result in unnecessary waste, gross over-reaching, and expense that will need to be borne by Goldberg.

**ANSWER:** Travelers admits that the Plaintiffs accurately characterize certain allegations in the First Amended Complaint, but Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21. Travelers denies all remaining averments in Paragraph 21.

22. In Count I of the First Amended Complaint, Goldberg requested the court enter an order:

 (a) requiring the Board to complete the work required with regard to the limited common elements adjoining the Goldberg unit, including work with regard to the window casing in front of Goldberg's unit, the side window frames, and her balcony;

 (b) declaring that any financing agreement which the unit members may have voted or may in the future vote to implement, pursuant to which the rights and interests of Astor Plaza would be in any way impaired or subject to a lien, is invalid and unenforceable under the governing documents and that, by virtue thereof, no such liens should be enforced as against any rights or property in which the Goldbergs (or other non-voting members) have an interest;

 (c) prohibiting Astor Plaza's unit owners from entering into any financing agreement that would serve to create a lien on the common elements, common fund or individual units of owners, as well as any interest or right in the Property, pursuant to the governing documents;

 (d) requiring that Astor Plaza maintain and make available minutes which accurately reflect what takes place at meetings, which should be scheduled pursuant to the governing documents, and which are properly ratified as minutes at appropriate meetings;

 (e) requiring that Astor Plaza's Board enforce both the rules and regulations of the Association and the obligations imposed upon unit owners by the governing documents and that appropriate fines be levied against unit owners who have violated these rules, regulations and obligations;

 (f) compel appropriate modifications to the governing documents so as to establish a dispute resolution procedure that would allow for individuals with minority interests, such as Goldberg, to pursue relief in such

7

circumstances without the need for incurring costs and expenses such as those attendant to this lawsuit (i.e., a mediation or arbitration procedure);

(g)     appointing a custodian or receiver to manage the business and affairs of the corporation until such time as a Board has been constituted pursuant to the governing documents which is prepared to perform its duties in accordance with the same; and

(h)     granting Goldberg her costs of suit, attorneys fees incurred and such additional relief as the Court deems just and proper or to which she is otherwise entitled as a matter of law.

**ANSWER:**     Travelers admits that the Plaintiffs state with substantial accuracy certain requests in the First Amended Complaint, but Travelers is without knowledge or information sufficient to form a belief as to the truth of any averments in Paragraph 22.

23.     On information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory or injunction relief requested by Goldberg in the First Amended Complaint if they were to be compelled to complete the work as requested and/or to pay for completion of said work.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23.

24.     On information and belief, the "appropriate fines" Goldberg requested to be levied against unit owners were sought against Plaintiffs and, as such, constitute "damages" and/or "Loss" for purposes of the Merrimack Policy and the Travelers Policy, respectively.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments related to or involving the Merrimack Policy.  With respect to the remaining averments, Paragraph 24 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies those remaining averments of Paragraph 24.

25.     The attorney fees sought by Goldberg were sought as monetary relief by virtue of the Condominium Property Act and, as such, constitute "damages" and/or "Loss" for purposes of the Merrimack Policy and the Travelers Policy, respectively.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments related to or involving the Merrimack Policy.  With respect to the remaining averments, Paragraph 25 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies those remaining averments of Paragraph 25.

**C.**    ***Goldberg's Second Amended Complaint.***

26.    On or about August 28, 2007, Goldberg filed a Second Amended Complaint containing eight counts.  (A copy of the Second Amended Complaint is attached and incorporated by reference, as if fully set forth herein, as Exhibit "C").

**ANSWER:**    Travelers admits that Plaintiffs attached a copy of a Second Amended Complaint, but Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26 because the attached Second Amended Complaint lacks a file stamp by the court.  Travelers denies all remaining averments in Paragraph 26.

27.    In Count I of the Second Amended Complaint, Goldberg sought relief under 765 ILCS 605/19, for the alleged failure of Astor Plaza to produce minutes of meetings, and she alleged she was "compelled" to retain an attorney to request that she be provided copies of meeting minutes from prior meetings.

**ANSWER:**    Travelers admits that the Plaintiffs accurately summarize certain allegations in Count I of the Second Amended Complaint, but Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 27.

28.    Goldberg further alleged in Count I that, "[u]ntil such time as Astor Plaza produces those minutes to Goldberg, Goldberg will continue to incur attorneys fees and costs for which she requests recovery pursuant 765 ILCS 605/19," and she asked the court to compel Astor Plaza to produce the minutes for meetings held from 2004 to the present.

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are accurately quoted in Paragraph 28.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 28.

9

29.     Goldberg further asked the court to enter an order awarding Goldberg her attorney's fees and costs, "together with such additional relief as the Court deems just and proper or to which she is otherwise entitled as a matter of law."

**ANSWER:**     Travelers admits that certain portions of the Second Amended Complaint are accurately quoted in Paragraph 29.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 29.

30.     In Count II, Goldberg sought relief under 765 ILCS 605/19 for Astor Plaza's alleged failure to produce applicable rules and regulations, and she asked the court to enter an order compelling Astor Plaza to pay the attorney fees and costs that Goldberg had incurred in connection with the actions she had taken through her counsel to request current copies of rules and regulations from 2005 to 2007, "together with such additional relief as the Court deems just and proper or to which she is otherwise entitled as a matter of law."

**ANSWER:**     Travelers admits that certain portions of the Second Amended Complaint are accurately quoted in Paragraph 30.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 30.

31.     In Count III, Goldberg sought relief against Loder under 805 ILCS 105/103.20, which section provides in relevant part:

> All persons who assume to exercise corporate powers without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

**ANSWER:**     Travelers admits that in Count III of the Second Amended Complaint Goldberg sought relief against Loder under 805 ILCS 105/103.20, that Plaintiffs accurately quoted certain portions of the Second Amended Complaint, and that 805 ILCS 105/103.20 provides as alleged in Paragraph 31.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 31.

32.     In Count III, Goldberg further alleged that Loder "used his ostensible authority with the Board" to make certain promises to Goldberg and to demand certain accommodations for himself and members of his household, and that she was consistently "harassed by the Loder household."

**ANSWER:**    Travelers admits that Paragraph 31 of the Second Amended Complaint alleges

that Loder "used his ostensible authority with the Board."  Travelers denies that Plaintiffs fully

quote, or accurately characterize, Paragraph 31 of the Second Amended Complaint.  Travelers

admits that Count III alleges that Goldberg was "harassed by the Loder household."  Travelers is

without knowledge or information sufficient to form a belief as to the truth of any remaining

averments in Paragraph 32.

33.    Count III further alleged that Goldberg was denied access to common property,
thereby incurring "damages."  Moreover, Goldberg asked the court to award her damages,
together with attorney fees and costs, in an amount in excess of $50,000, together with additional
relief as the court deems just and proper.

**ANSWER:**    Travelers admits that Goldberg alleged that she was denied access to common

property and that Goldberg asked for damages, attorney fees and costs, in an amount in excess of

$50,000, together with relief as the court deems just and proper.  Travelers is without knowledge

or information sufficient to form a belief as to the truth of any remaining averments in Paragraph

33.  Travelers denies that the characterization of Count III is complete.

34.    In Count IV, Goldberg sought relief under 805 ILCS 105/108.21 against Astor
Plaza for its alleged failure to provide access to and recording of meetings.  Goldberg asked the
court to enter a declaratory judgment declaring that she has a right to designate a representative
to attend and record board meetings and further awarding her attorney fees and costs, "and such
additional relief as the Court deems just and appropriate or to which she is otherwise entitled as a
matter of law."

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are

summarized with substantial accuracy in Paragraph 34, but denies that the characterization of

Count IV in Paragraph 34 is complete.  Travelers is without knowledge or information sufficient

to form a belief as to the truth of any averments in Paragraph 34.

35.    In Count V, Goldberg sought relief under Section V of the Declaration against all
defendants with respect to the financing obtained relative to the construction project undertaken
by the Board.  Goldberg alleged that the underlying defendants (Plaintiffs herein) should be

required to assume the costs of discharging the lien placed on the property, including both the cost of the individual shares, any pre-payment penalties, attorney fees and costs, and any other costs and expenses arising from that lien.

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are accurately summarized in Paragraph 35, but denies that the summary of Count V in Paragraph 35 is complete.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any averments in Paragraph 35.

36.    Among other things, Goldberg sought an accounting regarding all expenditures and work done with respect to the construction project, and sought judgment against the defendants (Plaintiffs herein) individually "in such amount as the trier of fact determines would be necessary to discharge any lien, mortgage or other encumbrance created by the project, together with any costs and expenses incurred in connection therewith," plus costs and attorneys fees and "such additional relief as the Court deems just and proper or to which Goldberg may otherwise be entitled as a matter of law."

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are accurately quoted in Paragraph 36.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any averments in Paragraph 36.

37.    In Count VI, Goldberg sought declaratory judgment relief with regard to Astor Plaza's duties and obligations under 765 ILCS 605/18(b)(2).  She claimed that the individual defendants had used their positions as members of the Board to establish policies and procedures that recognize the existence of "*de facto*" segregation of unit owners depending upon whether they are or are not members of the Board.

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are summarized with substantial accuracy in Paragraph 37.  Travelers is without knowledge or information sufficient to form a belief as to the truth of any averments in Paragraph 37.

38.    In Count VI, Goldberg specifically requested that each defendant who is found to have violated applicable rules and regulations "should be required to pay such fines or violations as may be provided for in the governing documents or rules and regulations, together with an amount sufficient to cover any damages resulting therefrom," plus costs and additional relief.

**ANSWER:**     Travelers admits that certain portions of the Second Amended Complaint are accurately quoted and summarized in Paragraph 38.   Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 38.

39.     In Count VII, Goldberg brought a claim against Astor Plaza for its alleged failure to maintain the common elements.  Goldberg alleged that she has a balcony that is substantially rusted, a deteriorating window frame in the front bay window, and side window frames which are badly deteriorated in her apartment.

**ANSWER:**     Travelers admits that certain portions of the Second Amended Complaint are accurately summarized in Paragraph 39.   Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 39.

40.     Goldberg asked the court to declare that the work necessary to repair Goldberg's balcony, and east and north side window frames, is the responsibility of Astor Plaza and that Astor Plaza should therefore pay for and ensure that those elements are repaired and restored with all due haste.  Goldberg also sought a judgment in an amount sufficient to cover any damages shown to have resulted from Astor Plaza's failure to provide such repair and restoration thereto, plus costs and other additional relief.

**ANSWER:**     Travelers admits that certain portions of the Second Amended Complaint are accurately summarized in Paragraph 40.   Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 40.

41.     In Count VIII, Goldberg sought relief under 805 ILCS 5/112.50, which provides that a court may dissolve a corporation if the corporation is acting in a manner that is oppressive to shareholders or the corporate assets are being misapplied or wasted.  Goldberg alleged that the defendants acted in a manner that was oppressive with regard to Goldberg's interest in the building, in dereliction of the obligations imposed upon them by a governing document, in bad faith and in an arbitrary and heavy-handed manner, and in a manner likely to result in unnecessary waste, gross over-reaching, and expense that will need to be wrongfully borne by Goldberg.

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are accurately summarized in Paragraph 41.    Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 41.

42.    Goldberg sought injunctive relief and the appointment of an interim receiver. Goldberg requested that the court enter a declaratory judgment and to require that the Board complete work with regard to the limited common elements adjoining the Goldberg unit, plus other declaratory relief.

**ANSWER:**    Travelers admits that certain portions of the Second Amended Complaint are accurately summarized in Paragraph 42.    Travelers is without knowledge or information sufficient to form a belief as to the truth of any remaining averments in Paragraph 42.

43.    Goldberg's specific demand for "damages" in Count III and Count IV of the Second Amended Complaint constituted a claim for "damages" and/or "Loss" for purposes of the Merrimack Policy and the Travelers Policy, respectively.

**ANSWER:**    Paragraph 43 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 43.

44.    Goldberg's demand for judgment in Count V was a demand for monetary relief and, as such, constituted "damages" and/or "Loss" for purposes of the Merrimack Policy and the Travelers Policy, respectively.

**ANSWER:**    Paragraph 44 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 44.

45.    With respect to the declaratory relief requested in the Second Amended Complaint, on information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory or injunctive relief requested by Goldberg if they were to be compelled to complete the work as requested and/or to pay for completion of said work.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45.

46.    On information and belief, the "appropriate fines" Goldberg requested to be levied against unit owners were sought against Plaintiffs and, as such, constitute "damages" and/or "Loss" for purpose of the Merrimack Policy and the Travelers Policy, respectively.

14

**ANSWER:**     Paragraph 46 alleges legal conclusions, to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 46.

47.     The attorney fees sought by Goldberg in the Second Amended Complaint were sought as monetary relief by virtue of the Condominium Property Act and, as such, constituted "damages" and/or "Loss" for purposes of the Merrimack Policy and the Travelers Policy, respectively.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments related to or involving the Merrimack Policy.  With respect to the remaining averments, Paragraph 47 alleges legal conclusions, to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 47.

### The Tendering Of The Goldberg Litigation For Defense

48.     Plaintiffs gave Travelers and Merrimack notice of the Goldberg Litigation and on numerous occasions have requested that each provide a defense.

**ANSWER:**     Travelers admits that Plaintiffs requested their defense of the Goldberg Litigation, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 48.

49.     Travelers has declined to provide Plaintiffs with a defense in the Goldberg Litigation.

**ANSWER:**     Admitted.

50.     Merrimack has declined to provide Plaintiffs with a defense in the Goldberg Litigation.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50.

51.     Plaintiffs have incurred cost and expense, and will continue to incur cost and expense, relative to the Goldberg Litigation.

15

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 51.

**The Merrimack Policy**

52.     Merrimack issued Policy No. SBP220-6003, covering the Policy Period of December 27, 2004 through December 27, 2005.  (A copy of the Merrimack Policy is attached and incorporated by reference, as if fully set forth herein, as Exhibit "D").

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 52.

53.     Astor Plaza is the named insured under the Merrimack Policy, and each of the other Plaintiffs are insureds under the Merrimack Policy.

**ANSWER:**     Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 53.

54.     The Merrimack Policy contains a Directors and Officers Liability Endorsement with claims made coverage.  This Endorsement contains the following coverage grant:

SECTION I – COVERAGES

A.     INSURING AGREEMENTS

1.     We will pay those sums that the "Insured" becomes legally obligated to pay as damages, in excess of the "Insured's" retention, because of any civil claim first made against the "Insured" during the policy term, or during the Insured's Extended Discovery Period, arising out of any "Wrongful Act" committed during the policy term.  No other obligation or liability to pay sums or perform such acts or services is covered unless provided for under Supplementary Payments.

a.     The most we will pay for damages is limited as described in Limits of Insurance above;

b.     We may, at our discretion, investigate any "Wrongful Act" and settle any claim or "suit" that may result; and

c.     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements to which this coverage applies.

16

    2.     This insurance applies to "Wrongful Acts" only if a claim for damages because of a "Wrongful Act" is first made against an "Insured" during the policy term or Insured's Extended Discovery Period.

        a.     A claim by a person or organization seeking damages will have been deemed to have been made when notice of such claim is received and recorded by the "Insured" or by us, whichever comes first.

        b.     All claims for damages because of "Wrongful Acts" arising from the same "Wrongful Act" will be deemed to have been made at the time the first of those claims is made against an "Insured".

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54.

    55.    The Merrimack Policy does not define the term "civil claim" or "claim."

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55.

    56.    The Merrimack Policy does not define the term "damages."

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 56.

    57.    Section VI of the Merrimack Policy provides as follows:

SECTION VI – INSURED'S EXTENDED DISCOVERY PERIOD

    A.    In the event this coverage part is subject to any of the following changes:
        1.    reduced limits of insurance;
        2.    restricted coverage provisions;
        3.    increased self-insured retention;
        4.    non-renewal; or
        5.    cancellation.
    then such insurance afforded prior to such change shall not apply to "Wrongful Acts" unless claim is made or a "suit" is brought within three years of the effective date of such change.

       B.     The Insured's Extended Discovery Period only applies to "Wrongful Acts" occurring during the Policy period and shall be excess over any other valid and collectible insurance.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57.

57.    On December 27, 2005, the Merrimack Policy was either non-renewed or canceled.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58.

### The Travelers Policy

59.    Travelers issued a Non-Profit Management and Organization Liability insurance policy, No. 10466807. This policy covers December 27, 2005 through December 27, 2008. (A copy of the Travelers Policy is attached and incorporated by reference, as if fully set forth herein, as Exhibit "E").

**ANSWER:**    Travelers admits that it issued the Travelers Policy, but denies that all documents attached as Exhibit "E" and incorporated by reference constitute the Travelers Policy.

60.    The Travelers Policy provides in pertinent part that Travelers will pay on behalf of the Insureds any "Loss" incurred by the Insureds as a result of any Claim first made against the Insured during the Policy Period for a Wrongful Act.

**ANSWER:**    Travelers admits that Paragraph 60 summarizes Section I.A. of the Travelers Policy, and denies all remaining averments in Paragraph 60.

61.    By virtue of Endorsement No. CIRI 70004 IL (04-00), the Travelers Policy defines the term "Claim" to include a "written demand for monetary relief or non-monetary relief," as well as "a civil proceeding commenced by the service of a complaint or similar pleading."

**ANSWER:**    Travelers admits that Endorsement No. CIRI 70004 IL (04-00) of the Travelers Policy defines the term "Claim" to include a "written demand for monetary relief or non-monetary relief." Travelers denies that Endorsement No. CIRI 70004 IL (04-00) of the Travelers Policy defines "Claim" to include "a civil proceeding commenced by the service of a complaint or similar pleading."

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter an judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

### ANSWER - COUNT I:  DECLARATORY JUDGMENT (Merrimack Policy)

62.    Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 61 as and for their Paragraph 62 of Count I, as if fully set forth herein.

**ANSWER:**    Travelers adopts and incorporates its answers to Paragraphs 1 through 61 as its answers to Paragraph 62.

63.    Plaintiffs are Insureds under the Merrimack Policy for purposes of the claims made against them in the *Goldberg* Litigation.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63.

64.    The Merrimack Policy obligates Merrimack to pay the sums in damages because of any civil claim first made against Plaintiffs during the Policy term, or during the Extended Discovery Period arising out of any "Wrongful Act" committed during the Policy term.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 63.

65.    Travelers has taken the position that a claim was first made against Plaintiffs in October 2005, which contention is denied by Plaintiffs.  As an alternative to its denial, however, to the extent a claim is deemed to have been made in October 2005, such a claim was made during the term of the Merrimack Policy.

**ANSWER:**    Travelers admits that it has taken the position that a Claim was first made against Plaintiffs in October 2005.  The remaining averments of Paragraph 65 allege legal conclusions to

which no response is required, but to the extent a response is required, Travelers denies those

remaining averments of Paragraph 65.

66.     In the alternative still, a claim for damages was first made against Plaintiffs on or about November 14, 2006, when Goldberg filed her original Complaint.

**ANSWER:**     Paragraph 66 alleges legal conclusions to which no response is required, but to the

extent a response is required, Travelers denies the averments of Paragraph 66.

67.     The original Complaint constituted a claim for damages because, on information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory or injunctive relief requested by Goldberg if they were to be compelled to complete the work as requested and/or to pay for completion of said work.

**ANSWER:**     Paragraph 67 alleges legal conclusions to which no response is required, but to the

extent a response is required, Travelers denies the averments of Paragraph 67.

68.     In the alternative still, a claim for damages was first made against Plaintiffs when Goldberg filed her First Amended Complaint.

**ANSWER:**     Paragraph 68 alleges legal conclusions to which no response is required, but to the

extent a response is required, Travelers denies the averments of Paragraph 68.

69.     The First Amended Complaint constituted a claim for "damages" because:

    (a)     On information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory or injunctive relief requested by Goldberg if they were to be compelled to complete the work as requested and/or to pay for completion of said work;

    (b)     On information and belief, the "appropriate fines" Goldberg requested to be levied against unit owners were sought against Plaintiffs as monetary relief; and

    (c)     Goldberg sought attorney fees as monetary relief under the Condominium Property Act.

**ANSWER:**     Paragraph 69 alleges legal conclusions to which no response is required, but to the

extent a response is required, Travelers denies the averments of Paragraph 69.

70.    In the alternative still, a claim for damages was first made against Plaintiffs on or about August 28, 2007, when Goldberg filed her Second Amended Complaint.

**ANSWER:**    Paragraph 70 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 70.

71.    The Second Amended Complaint constituted a claim for "damages" because:

(a)    Counts III and VII specifically demanded judgment for "damages";

(b)    Count V demanded judgment for monetary relief by demanding that Plaintiffs be required to assume certain costs and by demanding judgment "in such amount as the trier of fact determines would be necessary. . .";

(c)    On information and belief, Plaintiffs would incur costs and expenses to comply with the declaratory relief requested by Goldberg if they were to be compelled to complete the work as requested and/or pay for completion of the work;

(d)    On information and belief, the "appropriate fines" Goldberg requested to be levied against unit owners were sought against Plaintiffs as monetary relief; and

(e)    Goldberg sought attorney fees as monetary relief under the Condominium Property Act.

**ANSWER:**    Paragraph 71 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers is without knowledge or information sufficient to form a belief as to the truth of any averments in Paragraph 71.

72.    By virtue of Section VI of the Merrimack Policy, coverage is provided for the alleged Wrongful Acts claimed in the *Goldberg* Litigation because a Claim was made or suit was brought during the Merrimack Policy, or within three years of then non-renewal or cancellation of the Merrimack Policy on or about December 27, 2005.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 72.

73.    The allegations made against Plaintiffs in the *Goldberg* Litigation fall within the scope of the Merrimack Policy's Coverage Agreement.

21

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 73.

73.    74.    The exclusions set forth in the Merrimack Policy are not applicable to any of the
claims made against Plaintiffs in the *Goldberg* Litigation.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 74.

75.    Merrimack has breached its duty to defend Plaintiffs by failing and refusing to
defend Plaintiffs in connection with the *Goldberg* Litigation.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 75.

76.    Merrimack disagrees with Plaintiffs' position and has taken the position that the
*Goldberg* Litigation does not involve a claim for damages, and does not involve Wrongful Acts
during the Merrimack policy term.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 76.

77.    By reason of the foregoing, an actual and justiciable controversy exists between
the parties and each of them, which may be determined by a judgment or order of this court.
Pursuant to the terms of Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-
701), this court has the power to declare and adjudicate the rights and liabilities of the parties
hereto under the terms and provisions of the policy of insurance referred to herein, and to
adjudicate the final rights of all parties, and to give such other and further relief as may be
necessary to enforce the same.

**ANSWER:**    Travelers admits that there is an actual controversy between the parties.  Travelers

denies all remaining averments contained in Paragraph 77.

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies

that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter a

judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by

Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

### ANSWER - COUNT II:  DECLARATORY JUDGMENT (Travelers' Policy)

78.    Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 61 as and for their Paragraph 78 of Count II, as if fully set forth herein.

**ANSWER:**    Travelers adopts and incorporates its answers to Paragraphs 1 through 61 as its answers in Paragraph 78.

79.    Plaintiffs are Insureds under the Travelers Policy for purposes of the claims made against them in the *Goldberg* Litigation.

**ANSWER:**    Denied.

80.    The Travelers Policy obligates Travelers to pay any "Loss" incurred by Plaintiffs as a result of any Claim first made against Plaintiffs during the Policy Period for a Wrongful Act.

**ANSWER:**    Denied.

81.    Travelers has taken the position that a Claim was first made against Plaintiffs in October 2005 when Goldberg's attorney sent a letter to a unit owner of Astor Plaza.

**ANSWER:**    Admitted.

82.    The October 2005 letter does not constitute a Claim for purposes of the Travelers Policy and, even if it did, many of the Claims brought in the *Goldberg* Litigation do not arise out of, or relate to, the matters in the October 2005 letter.  In fact, many of Goldberg's claims are based upon Astor Plaza's alleged actions or inactions after the October 2005 letter.

**ANSWER:**    Paragraph 82 alleges legal conclusions, to which no response is required but to the extent a response is required, Travelers denies the averments of Paragraph 82.

83.    A Claim was first made against Plaintiffs on or about November 14, 2006, when Goldberg filed her original Complaint.

**ANSWER:**    Paragraph 83 alleges legal conclusions to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 83.

84. Coverage is provided for the alleged Wrongful Acts claimed in the *Goldberg* Litigation because a Claim was made or suit brought during the Travelers Policy.

**ANSWER:** Paragraph 84 alleges legal conclusions, to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 84.

85. The allegations made against Plaintiffs in the *Goldberg* Litigation fall within the scope of the Travelers Policy's Coverage Agreement.

**ANSWER:** Paragraph 85 contains legal conclusions, to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 85.

86. The exclusions set forth in the Travelers Policy are not applicable to any of the claims made against Plaintiffs in the *Goldberg* Litigation.

**ANSWER:** Paragraph 86 alleges legal conclusions, to which no response is required, but to the extent a response is required, Travelers denies the averments of Paragraph 86.

87. Travelers has breached its duty to defend Plaintiffs by failing and refusing to defend Plaintiffs in connection with the *Goldberg* Litigation.

**ANSWER:** Denied.

88. Travelers disagrees with Plaintiffs' position and it has taken the position that it does not have a responsibility to defend Plaintiffs.

**ANSWER:** Admitted.

89. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this court. Pursuant to the terms of Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701), this court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

**ANSWER:** Travelers admits that there is an actual controversy between the parties. Travelers denies all remaining averments contained in Paragraph 89.

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

## ANSWER - COUNT III:  SECTION 155 – BAD FAITH (Merrimack)

90.     Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 61 and Paragraphs 62 through 77 of Count I as and for their Paragraph 90 of Count III, as if fully set forth herein.

**ANSWER:**     Travelers adopts and incorporates its answers to Paragraphs 1 through 77 as its answers to Paragraph 90.

91.     At all times herein relevant there was in full force and effect in the State of Illinois a certain statute known as 215 ILCS §5/155 which provides, in relevant part, as follows:

§ 155.  Attorney Fees.

(1)     In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any on of the following amounts:

(a)     60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b)     $60,000;

(c)     the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

**ANSWER:**     Admitted.

25

92.    Merrimack has acted in a vexatious and unreasonable manner, and has violated the foregoing statute, by its failure to timely and appropriately respond to the notice of claim and/or the tender for defense of the underlying suit from Plaintiffs, and by its failure and refusal to defend Plaintiffs in the underlying suit.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 92.

93.    Merrimack has an obligation and duty to defend Plaintiffs upon and after the date it first learned of the claim, which obligation Merrimack vexatiously and unreasonably refused to recognize, which has resulted in Plaintiffs incurring substantial expenses and costs which they would not otherwise be obligated to incur had Merrimack fulfilled its contractual obligations.

**ANSWER:**    Travelers is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 93.

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully requests this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

## ANSWER - COUNT IV:  SECTION 155 – BAD FAITH (Travelers)

94.    Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 61 and Paragraphs 78 through 89 of Count II as and for their Paragraph 94 of Count IV, as if fully set forth herein.

**ANSWER:**    Travelers adopts and incorporates its answers to Paragraphs 1 through 61 and Paragraphs 78 through 89 as its answers to Paragraph 94.

95.    At all times herein relevant there was in full force and effect in the State of Illinois a certain statute known as 215 ILCS §5/155 which provides, in relevant part, as follows:

§ 155.  Attorney Fees.

(1)    In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss

26

payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any on of the following amounts:

(a)     60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b)     $60,000;

(c)     the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

**ANSWER:**    Admitted.

96.    Travelers has acted in a vexatious and unreasonable manner, and has violated the foregoing statute, by its failure to timely and appropriately respond to the notice of claim and/or the tender for defense of the underlying suit from Plaintiffs, and by its failure and refusal to defend Plaintiffs in the underlying suit.

**ANSWER:**    Denied.

97.    Travelers has an obligation and duty to defend Plaintiffs upon and after the date it first learned of the claim, which obligation Travelers vexatiously and unreasonably refused to recognize, which has resulted in Plaintiffs incurring substantial expenses and costs which they would not otherwise be obligated to incur had Travelers fulfilled its contractual obligations.

**ANSWER:**    Denied.

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully request this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

27

The *Goldberg* Litigation is excluded from coverage because the Claim was first made prior to the inception of the Travelers Policy.

### Second Affirmative Defense

To the extent that any Wrongful Acts, as defined in the Travelers Policy, are alleged for the first time in the *Goldberg* Litigation, Loss incurred in connection with such Wrongful Acts is excluded from coverage pursuant to the terms of Section V. General Conditions and Limitations A.(2), which provides in part: "Losses based upon or arising out of the same Wrongful Act or Related Wrongful Acts of one or more of the Insureds shall be considered a single Loss incurred as a result of a single Claim, which Claim shall be deemed to have been made on the date the first Claim for such Wrongful Act or for one or more of such Related Wrongful Acts is made against any of the Insureds, whether such date is before or after the Policy Inception Date…"

### Third Affirmative Defense

Astor Plaza made misrepresentations in its December 27, 2005 application for insurance. The application provides, in pertinent part: *"To the extent that any lawsuit or Claim required to be disclosed in response to Question 7.(a) through 7.(g) below constitutes a 'Claim' as defined by the Policy, such Claim was made prior to the policy period requested hereunder and therefore would be excluded from the proposed coverage."* (Emphasis in original.) The *Goldberg* Litigation is excluded from coverage under the Travelers Policy because it was required to be disclosed in response to Question 7's subparts, but Astor Plaza failed to make such disclosures.

### Fourth Affirmative Defense

The *Goldberg* Litigation is excluded from coverage under the Travelers Policy pursuant to the Amended BI/PD Exclusion Endorsement, CIRI 70007.

### Fifth Affirmative Defense

28

The *Goldberg* Litigation is excluded from coverage to the extent the *Goldberg* Litigation is covered by any other insurance policy, as provided in Section V. K. Other Insurance.

## Sixth Affirmative Defense

Mohen, Cochran, Krishnamurthi, and Loder are not named in the *Goldberg* Litigation solely as "Insured Persons," as that term is defined in the Travelers Policy. To the extent these individuals are alleged in the *Goldberg* Litigation to have acted outside their capacity as members of Astor Plaza's Board of Directors, any Loss incurred in connection with such conduct is not covered under the Policy.

WHEREFORE, defendant Travelers Casualty and Surety Company of America denies that Plaintiffs are entitled to the relief they seek and respectfully request this Court to enter a judgment: (1) dismissing Plaintiffs' Complaint with prejudice; (2) denying all relief sought by Plaintiff's Complaint; (3) awarding Travelers its costs and attorney's fees; and (4) awarding Travelers such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Travelers Casualty and Surety Company of America


By:     _____
        One of its attorneys

Peter F. Lovato, III, Esq. (No. 1695940)
Michael J. Rosen, Esq. (No. 6193177)
Emorico H. Cavaliere, Esq. (No. 6277233)
Boundas, Skarzynski, Walsh & Black, LLC
200 E. Randolph Street, Suite 7200
Chicago, IL 60601
(312) 946-4200

## **CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath, deposes and states that he served copies of the above notice, together with all documents referenced therein, upon the attorneys named in the attached Service List at the addresses listed via regular mail, before the hour of 5:00 p.m. on the _____ day of November, 2007.


SUBSCRIBED AND SWORN TO
before me this _____ day
of November, 2007.

_____

P:\TRAV02\13562\PLEADINGS\Answer to Plaintiffs' Complaint\Travelers Answer and Affirmative Defenses.doc