IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendants. | Case No. 07 CV 6593 <br><br> Judge Gottschall <br><br> Magistrate Judge Keys |

**TRAVELERS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO REMAND CASE TO STATE COURT**

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by and through its attorneys, submits this Response to Plaintiffs' Motion for Leave to File Amended Complaint and to Remand Case to State Court.

**I.     INTRODUCTION**

On October 12, 2007, Plaintiffs filed their complaint against Travelers and Merrimack Mutual Fire Insurance Company ("Merrimack") in the Chancery Division of the Circuit Court of Cook County, Illinois, bearing Case No. 07 CH 29201. Plaintiffs alleged that Travelers and Merrimack owe a defense and indemnity under their respective insurance policies for a lawsuit against the Plaintiffs in the Chancery Division of Circuit Court of Cook County, Illinois, styled *Margaret Goldberg v. Astor Plaza Condominium Association, et al.,* Case No. 06 CH 24682 (the "*Goldberg Action*"). Travelers, with the consent of Merrimack, timely removed the declaratory

judgment action to this Court on November 21, 2007, pursuant to 28 U.S.C. §§ 1441(a) and 1446, based on complete diversity of citizenship.

Plaintiffs now seek leave to file a first amended complaint adding Margaret Goldberg, the plaintiff in the *Goldberg Action*. Plaintiffs also contend that adding Goldberg, an Illinois resident, would defeat diversity and, therefore, this action must be remanded.

Under applicable federal law, courts weigh several factors in deciding motions to join non-diverse defendants after removal. Principal among those factors is a plaintiff's motivation for seeking such joinder. Here, Plaintiffs say they wish to add Goldberg because (they contend) she is a necessary party. Courts in this district have held, however, that a tort claimant is not a necessary party to a declaratory judgment action filed by the insured. Winklevoss Consultants, Inc. v. Federal Ins. Co., 174 F.R.D. 416 (N.D. Ill. Aug. 14, 1997); Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co. of Ill., 697 F.Supp. 971 (N.D. Ill. Aug. 26, 1988). Moreover, Plaintiffs have not explained *their* interest in joining Goldberg, other than to defeat diversity—an improper motive. Accordingly, Travelers asks that the Court deny Plaintiffs' Motion.

**II.   DISCUSSION**

    A.   Post-Removal Joinder Analyzed Under 28 U.S.C. §1447(e).

A motion to join a non-diverse defendant after a case has been removed to federal court is governed by 28 U.S.C. §1447(e). Bostrom v. Target Corp., 2006 WL 3370176, at *1 (N.D. Ill. Nov. 21, 2006), citing Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1492 (7th Cir. 1996). Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Under Section 1447(e), joinder of a non-diverse defendant post-removal requires an equitable determination. Courts in this district generally have considered the following equitable factors: (1) plaintiff's motivation in seeking to join the additional party–particularly, whether joinder is sought solely to defeat diversity jurisdiction; (2) the timeliness of the request; (3) prejudice to the parties; and (4) other equitable considerations, including the defendant's interest in a federal forum. Perez v. Arcobaleno, 261 F.Supp.2d 997, 1001 (N.D. Ill. 2003), citing Kortum v. Raffles Holdings Ltd., 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002). Courts in other districts within the Seventh Circuit have identified substantially the same factors. See, e.g., Bostrom, at *1, citing Bridgestone/Firestone, Inc. v. Ford Motor Co., 129 F.Supp.2d 1202, 1204 (S.D. Ind. 2001); Land v. Yamaha Motor Corp., U.S.A., 2000 WL 33226317 (S.D. Ind. Dec. 20, 2000). An analysis of a request for a post-removal joinder does not involve a determination of whether the new party is indispensable. Vasilakos v. Corometrics Medical Systems, Inc., 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993).

  B. <u>Plaintiffs' Motivation Is To Destroy Federal Jurisdiction.</u>

    1. Plaintiffs seek to join Goldberg to defeat diversity.

Courts place the greatest emphasis on plaintiff's motive for seeking joinder. See, e.g., Bostrom, at *2, citing Bridgestone/Firestone, Inc., 129 F.Supp.2d at 1207, citing Connelly v. General Motors Corp., 1986 WL 14140, at *2 (N.D. Ill. Dec. 8, 1986). Of particular concern is whether joinder is sought solely to defeat federal jurisdiction. Perez, 261 F.Supp.2d at 1001.

Although Plaintiffs' dispute with Goldberg pre-dates October 2005, and Plaintiffs acknowledged receipt of Travelers' coverage position in January 2007, Plaintiffs did not name Goldberg as a defendant in the complaint they filed in state court in October 2007. Instead, only after Travelers removed the case to federal court did they seek leave to amend their complaint

and, in the same motion, request an order remanding the case to Chancery Court. The only significant amendment Plaintiffs seek to make to their original complaint is the addition of Goldberg as a defendant. In such circumstances, Plaintiffs' motives are highly suspect. In re Bridgestone/Firestone, Inc., 129 F.Supp.2d at 1205 ("[w]hen a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of the plaintiff's motives to amend."). In In re Bridgestone/Firestone, Inc., the court criticized plaintiff's attempt to join a non-diverse party after removal when the plaintiff did not attempt to explain why that party was not named in the original complaint. 129 F.Supp.2d at 1205. The court inferred that the plaintiff sought to add the non-diverse party "to defeat diversity jurisdiction, which weighs against permitting" the joinder. Id. Similarly, Plaintiffs have offered no explanation why Goldberg was not added to the original complaint or even how the joinder now benefits *their* position or the disposition of the case.[1] The court concluded that "Plaintiffs' lack of explanation for failing to include [the non-diverse party] in the original complaint when the identity of the [party] must have been to her is fatal to her claim." Id., at 1207.

    2.    Joinder is a matter of federal law, not Illinois common law.

Plaintiffs say they want to join Goldberg because she is a necessary party. Even if that were their true motivation, however, it is based on a faulty premise because Goldberg is not a necessary party. Plaintiffs rely on *Illinois law*, which they say provides that plaintiffs in an underlying lawsuit are necessary parties to a declaratory judgment action regarding insurance, whether filed by an insurer or an insured. Joinder of parties to a federal action, however, is a matter of *federal law*. See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S.

---

[1] Any attempts by Plaintiffs to now justify why Goldberg was not named in the original complaint should be met with great skepticism.

102, 125 n. 22 (1968); Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993); Winklevoss Consultants, Inc. v. Federal Ins. Co., 174 F.R.D. 416 (N.D. Ill. Aug. 14, 1997); Sliwa v. Hunt, 1992 WL 346425, at *1 (N.D. Ill. 1992). The concept of a necessary party under federal law is much narrower than under Illinois law. Winklevoss, 174 F.R.D. at 419, comparing Flashner Medical P'ship v. Marketing Mngmt, Inc., 189 Ill. App. 3d 45, 53, with Fed. R. Civ. P. 19(a). Therefore, Plaintiffs' reliance upon Illinois common law in support of their position is misplaced and inappropriate.

       3.     Under applicable federal law, Goldberg is not a necessary party.

Courts in this district have held that a tort claimant is not a necessary party in a declaratory judgment action in federal court filed by the insured. Winklevoss Consultants, Inc. v. Federal Ins. Co., 174 F.R.D. 416 (N.D. Ill. Aug. 14, 1997); Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co. of Ill., 697 F.Supp. 971 (N.D. Ill. Aug. 26, 1988). In Winklevoss, the insureds sued their insurer seeking a declaration that the policy provided both a defense and indemnity for a pending action against the insureds. 174 F.R.D. at 416. The court addressed whether the underlying tort claimant was a necessary party to an action brought by the insured to obtain a defense. The Winklevoss court did not address the insureds' request for indemnity coverage, finding that relief was not ripe because the underlying litigation had not been concluded. 174 F.R.D. at 417. The court held that the tort claimant was not necessary or indispensable, and that his interest would be "adequately protected by the insured's motivation to vigorously prosecute the declaratory judgment action." 174 F.R.D. at 417-419. Winklevoss recognized, however, that actions initiated by an insurer had the potential to eliminate a source of funds for the injured claimant, especially if the insured was disinterested in the result and, for this reason, distinguished them from actions brought by an insured. 174 F.R.D. at 419.

Similarly, in Fathers, the insureds sought a declaration that their insurer owed a defense in a pending action. 697 F.Supp. at 972. The Court also concluded that the insureds' position protected the tort claimant's potential interest in coverage. 697 F.Supp. at 973. Thus, in both Winklevoss and Fathers, the courts found that when the insured is the plaintiff in the coverage action, the potential interests of the plaintiff in the underlying action are protected, and that that plaintiff is not a necessary party in the coverage action. This distinction should guide the Court in its disposition of Plaintiffs' motion.

Plaintiffs, however, ignore the published opinions of this District and make a convoluted argument in reliance on an unpublished opinion from the Southern District. Plaintiffs resort to Georgia-Pacific Corp. v. Sentry Select Insurance Co., 2006 WL 1525678 (S.D. Ill. May 26, 2006), for the proposition that an underlying claimant is a necessary party to a declaratory judgment action filed by either the insurer or the insured—a principle for which that case does not stand. Indeed, the holding of Georgia-Pacific does not conflict with Winklevoss or Fathers, but rather addressed a different issue, in a substantially different procedural posture, under a unique set of facts.

The issue presented in Georgia-Pacific was whether one or more non-diverse defendants to a state court action, one of whom had not consented to another defendant's removal, were (1) "not properly joined and served" (and thus did not affect diversity jurisdiction), and were (2) "nominal parties" whose consent to removal was not required. The court found that at least one of the non-diverse parties—the principal insured under the policy at issue—was properly joined, therefore defeating diversity. The court came to that conclusion because, in its view, the plaintiff in the removed action—an additional insured under the same policy—would not adequately

represent the interests of the principal insured, whose coverage might be restricted if the plaintiff succeeded on its claim.

In coming to its decision, the <u>Georgia-Pacific</u> court, in dicta, commented upon the reasoning of the courts in <u>Winklevoss</u> and <u>Fathers</u>, each of which had found that underlying claimants are not necessary parties to a coverage action. But the question decided by the <u>Georgia-Pacific</u> court was whether the underlying tort claimant was one of the "parties in interest properly joined and served as defendants" within the meaning of 28 U.S.C. §1441(b), and thus defeated removal. <u>Id.</u>, at 8. An analysis under Section 1441(b) involves the application of a different and more demanding standard than an analysis under Section 1447(e). <u>Bostrom</u>, at *1, n. 4. In any event, Section 1441(b) is not applicable here because Goldberg was not joined before removal.

Finally, the <u>Georgia-Pacific</u> court appears to have decided a question not presented to it—whether the principal insured was a "necessary party" to a determination of the duty of indemnity to an additional insured—and it appears to have done so by ignoring the findings in both <u>Winklevoss</u> and <u>Fathers</u>. <u>Id.</u>, at 7-8.

C.   <u>The Timing of Plaintiffs' Motion Also Exposes Their Motivation.</u>

Plaintiffs filed their complaint on October 12, 2007, Travelers timely filed its notice of removal on November 21, 2007, and Plaintiffs filed their motion for leave to file their amended complaint and to remand on December 17, 2007. Plaintiffs' timing is probative of their true motive in seeking to add Goldberg. <u>Bostrom</u>, at *2-3 (court was critical of post-removal request for joinder because of request's timing, not the number of days which had elapsed). Plaintiffs cannot plausibly argue that they did not include Goldberg because they did not know of her

existence or could not file suit against her in state court. Moreover, as noted above, coverage for the underlying suit has been at issue for a substantial period of time.

    D.    Prejudice to the Parties and Equitable Considerations.

Plaintiffs argue that Travelers will not suffer prejudice by a remand because its interest in a federal forum is minimal. By filing its notice of removal, however, Travelers has indicated a strong interest in litigating the declaratory judgment action in federal court. "Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Bridgestone/Firestone, 129 F.Supp.2d at 1206, quoting Sexton v. G&K Services, Inc., 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999). Plaintiffs, on the other hand, will not suffer prejudice if the case were to proceed in federal court because this Court, sitting in Illinois, is experienced in the application of Illinois law. In addition, the interests of Plaintiffs and Goldberg are aligned– Plaintiffs will surely seek all coverage available under the respective policies and, in so doing, will act in the interests of Goldberg. In fact, by filing the declaratory judgment action, Plaintiffs have demonstrated that they will vigorously pursue coverage under the policies at issue in this case.

### III. CONCLUSION

For the foregoing reasons, Travelers respectfully requests that the Court enter an order denying Plaintiffs' Motion for Leave to File Amended Complaint and to Remand Case to State Court. Travelers requests all other relief, in law or equity, that the Court deems proper and just.

Respectfully submitted,

Travelers Casualty and Surety Company of America

By: *Emorico H. Cavaliere*
One of its attorneys

Peter F. Lovato, III, Esq. (No. 1695940)
Michael J. Rosen, Esq. (No. 6193177)
Emorico H. Cavaliere, Esq. (No. 6277233)
Boundas, Skarzynski, Walsh & Black, LLC
200 E. Randolph Street, Suite 7200
Chicago, IL 60601
Phone: (312) 946-4200
Fax: (312) 946-4272

P:\TRAV02\13562\PLEADINGS\Remand\Response.doc