IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 CV 6593 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) ) | Judge Gottschall  Magistrate Judge Keys |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO REMAND CASE TO STATE COURT**

NOW COME the Plaintiffs, ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, by and through their attorneys, Anthony G. Barone and David M. Jenkins of Barone & Jenkins, P.C., and hereby submit this Reply in Support of Their Motion for Leave to File Amended Complaint and to Remand Case to State Court pursuant to 28 U.S.C. §1447(e). In support, Plaintiffs state as follows:

### INTRODUCTION

The brief filed by Defendant Travelers Casualty and Surety Company of America[1] ("Defendant") in opposition to Plaintiffs' motion to amend and to remand consists primarily of conjecture that there was some improper motive for adding a necessary party to this action.

---

[1] It is significant to note that only one of the two defendants has filed a brief opposing remand.

Plaintiffs have established a right to amend and to remand under 28 U.S.C. § 1447(e), however, based on all the relevant factors, such as (1) Plaintiffs' motivation in seeking to join the additional party, who is a necessary party under the governing law; (2) the timeliness of the request; (3) the absence of prejudice to the parties; and (4) other equitable considerations, including the defendant's limited interest in a federal forum. *See Perez v. Arcobaleno Past Machs., Inc.* 261 F.Supp.2d 997, 1001 (N.D. Ill. 2003). As set forth in the supporting affidavit, Goldberg was not originally made a party because there were some settlement discussions with her relative to the underlying case; and she is not being added now simply to defeat diversity jurisdiction. (Ex. A at ¶¶2-5). Plaintiffs' motion therefore should be granted because it is clear Plaintiffs do not seek joinder here solely to defeat diversity jurisdiction, and Defendant fails to establish the contrary. *See e.g. Brown v. Alter Barge Line, Inc.*, 461 F.Supp.2d 781 (S.D.Ill. 2006).

## ARGUMENT

I.  **DEFENDANT OVERLOOKS THAT THE CENTRAL ISSUE IS WHETHER GOLDBERG SHOULD BE JOINED UNDER THE RELEVANT FACTORS, NOT WHETHER GOLDBERG IS A NECESSARY PARTY UNDER FEDERAL LAW.**

Defendant's contention, that joinder of a necessary party is a matter of federal procedural law, is a red herring. The Court is not required to analyze federal law relating to joinder when determining whether Goldberg should be added as a necessary party and whether to remand to state court a case recently removed to federal court. The issue is to be addressed under 28 U.S.C. §1447(e) and the case law interpreting that section. The true issue is whether Plaintiffs' motivation for wanting to join Goldberg was improper and solely for purposes of defeating diversity jurisdiction. *See Perez*, 261 F.Supp.2d at 1001. Thus, the analysis of the joinder issue under the state substantive law applicable to the case is appropriate. Had this matter not been

2

removed, Goldberg would have been joined in the Circuit Court of Cook County as a necessary party under Illinois law. The attached affidavit thus demonstrates that there was a reason for originally not joining Goldberg and that she is not being added to defeat jurisdiction. (Ex. A at ¶¶2-5).

All of the cases on which Defendant relies to support its contention that federal law should be applied in determining whether to join parties involved situations where the case originated in federal court, not where a case was removed from state court and the court is asked to determine whether joinder and remand are appropriate under 28 U.S.C. §1447(e). Section 1447(e) permits the Court to exercise discretion with respect to joinder in post-removal cases. *See Vasilakos v. Corometrics Medical Systems, Inc.*, 1993 WL 390283 (N.D. Ill. 1993).

In light of the above, Plaintiffs' reliance on Illinois case law was appropriate to demonstrate that their motives in seeking to join Goldberg were well grounded in Illinois law regarding insurance coverage lawsuits. When a declaratory action is filed to determine indemnity, the underlying claimant (Goldberg in the instant case) is a necessary party because the action has the potential to eliminate a source of funds for their action. *See e.g. Flahner Medical Partnership v. Marketing Management, Inc.*, 189 Ill.App.3d 45, 54 (1st Dist. 1989); *MFA Mutual Ins. Co. v. Cheek*, 66 Ill.2d 492 (1977).

In any event, even if federal law governing necessary parties was at issue, the relevant federal cases demonstrate that joinder of Goldberg is required. For example in *Georgia-Pacific Corp. v. Sentry Select Insurance Co.*, 2006 WL 1525678 (S.D. Ill. May 25, 2006), the court stated "if the declaratory judgment action is filed instead by the insurer <u>or involves a determination of insurance coverage</u> or both, then the underlying claimant is considered a necessary party." *Id.* at *6 (emphasis added). While the facts and procedural posture of

3

*Georgia-Pacific* may not be identical to those in the instant case, the jurisdictional principles discussed are the same.

Defendant is incorrect in its assertion that *Georgia-Pacific* ignores *Winklevoss* and *Fathers*. Both *Winklevoss* and *Fathers* are distinguishable because they involved situations where the only issue involved in the case was the insurer's duty to defend; they did not involve an insurer's duty to indemnify. *See Winklevoss Consultants, Inc. v. Federal Ins. Co.*, 174 F.R.D. 416, 417-18 (N.D. Ill. 1997) ("federal courts in this district have uniformly held that a plaintiff suing the insured (the 'injured party') is not an indispensible party to a declaratory judgment action that the insured brings to determine the insurer's duty to defend" (emphasis added)); *see also Fathers of the Order of Mount Carmel, Inc. v. National Ben Franklin Ins. Co. of Ill.*, 697 F.Supp 971 (N.D.Ill. 1988). The present lawsuit not only involves a duty to defend, but also involves the insurers' duty to indemnify, which is the situation addressed in *Georgia Pacific*. Defendant's cases are further distinguishable because neither case addressed the central issue of the instant case, which is whether Plaintiffs are entitled to join a necessary party as a party to a case recently removed to federal court and to remand the case back to state court based upon the absence of diversity jurisdiction.

## II. PLAINTIFFS' MOTION TO AMEND IS NOT UNTIMELY.

As both parties have noted, this action was filed in state court on October 12, 2007, and the notice of removal was filed on November 21, 2007, which is 40 days later. As Plaintiffs discussed in their moving papers, the Notice of Removal was filed before Goldberg could be added as a necessary party. At the time of the filing of the complaint, Plaintiffs were involved in some settlement discussions with Goldberg. (Ex. A at ¶2). Given that Goldberg could have been

4

added routinely in state court at any time, Plaintiffs made the tactical decision to not name her as a defendant initially so as to not disrupt the settlement opportunity. (See Ex. A at ¶¶2-4).

Defendant argues that timing is probative of Plaintiffs' motives in the request to join Goldberg, citing *Bostrom v. Target Corp.*, 2006 WL 3370176, at *1 (N.D. Ill. Nov. 21 2006). The *Bostrom* case is distinguishable. There, six months elapsed between the time the action was filed in state court and when Plaintiffs sought to join the additional party. *Id.* at *2-3. The *Bostrom* plaintiffs' reasons for requesting a joinder were entirely different than the instant case. The *Bostrum* plaintiffs argued that the reason for the delay was due to discovery issues and their inability to determine a store manager's name. *Id.* In the instant case, only 40 days had elapsed since the filing of the complaint. One of the Defendants had already answered, and Plaintiffs were awaiting the filing of the remaining defendant's responsive pleadings. No exigent circumstances existed to name Goldberg before the other defendant answered.

### III. DEFENDANT WILL NOT BE PREJUDICED.

Defendant infers that it will be prejudiced if the matter is remanded to the state court, but does not state how it will be prejudiced. Plaintiffs are, in fact, the parties that will be prejudiced if they are not able to add Goldberg. Courts consistently recognize that plaintiffs can be prejudiced if they are forced to maintain separate actions in federal and state court. *See e.g. Vasilakos*, 1993 WL 390283 at *2; *see also Brown v. Alter Barge Line, Inc.*, 461 F.Supp.2d 781, 784-85 (S.D. Ill. 2006). Here, should the matter remain in federal court, Plaintiffs would be forced to either bring a separate declaratory action against Goldberg in state court, or dismiss the instant case and file a new complaint in state court naming all parties, including Goldberg.

It is also worth noting that only one Defendant has filed any opposition to Plaintiffs' present motion to amend and to remand. As a result, Defendant's interest in a federal forum is

5

discounted, and this factor demonstrates that Defendants will not be prejudiced. *See e.g. Menasha Corp. v. Onebeacon America Ins. Co.*, 2007 WL 4560593, *2 (E.D. Wis. Dec. 19, 2007) (defendants' interest in federal forum discounted because not all defendants opposed the motion to remand).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Amend the Complaint and Remand the matter to circuit court pursuant to 28 U.S.C. §1447(e), in the interests of judicial economy, and to avoid duplicity in litigation.

Respectfully submitted,

**ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER**

By: _____
One of Their Attorneys

Anthony G. Barone (Atty. No. 06196315)
David M. Jenkins (Atty. No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
630/472-0037

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, <br><br>  Plaintiffs, <br><br>  v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, <br><br>  Defendant. | Case No. 07 CV 6593 <br><br> Judge Gottschall <br><br> Magistrate Judge Keys |

### AFFIDAVIT OF ANTHONY G. BARONE

I, Anthony G. Barone, being first duly sworn under oath, certify and state that I am over 18 years of age, and, if called as a witness in this matter, could competently attest to the following facts from personal knowledge:

1. I am one of the attorneys for Plaintiffs in this matter. The initial draft of the complaint for the above matter included Margaret Goldberg.

2. Before the filing of the complaint in state court, the attorney representing Astor Plaza in the underlying action filed by Ms. Goldberg advised me not to name Ms. Goldberg because they were engaged in settlement discussions with Ms. Goldberg regarding her underlying case.

3. In order to foster continued settlement discussions with Ms. Goldberg, we agreed it would not be prudent to file a complaint against her at that time because such an action would potentially have an adverse effect on the discussions, if not cause them to cease altogether.

EXHIBIT A

4. It was our assumption that because the matter was pending in state court, she would be added at a later date via a routine motion should settlement discussions fail.

5. There has been no settlement of the underlying matter. We are not seeking to join Goldberg simply to defeat diversity jurisdiction.

FURTHER Affiant sayeth naught.

                                                                            Anthony G. Barone

Signed and Sworn to before me this
19th day of February, 2008.

_____
Notary Public

DIANE B. NOVOSEL
MY COMMISSION EXPIRES
JULY 27, 2011

Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, IL 60181
Telephone: (630) 472-0037

2