031708.txt

1

1   STATE OF ILLINOIS )
                      )  SS:
2   COUNTY OF C O O K )

3   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
        COUNTY DEPARTMENT - CHANCERY DIVISION
4
    MARGARET GOLDBERG,         )
5                              )
            Plaintiff,         )
6                              )
        vs.                    ) No. 06 CH 24682
7                              )
    ASTOR PLAZA CONDOMINIUM,   )
8                              )
            Defendant.         )
9

10

11          REPORT OF PROCEEDINGS had at the

12  hearing of the above-entitled cause before the

13  Honorable DANIEL A. RILEY, Judge of said Court, in

14  Room 2508, Richard J. Daley Center, Chicago,

15  Illinois, on the 17th day of March, 2008, at the

16  hour of 1:59 a.m.

17

18

19

20

21

22

23

24

ChimniakCourtReporting.com
312.781.9111

Page 1

2

1       PRESENT:



EXHIBIT 2

```
                          031708.txt
    2      DONNER & COMPANY LAW OFFICES, LLC
           BY:  MR. TED A. DONNER
    3           1125 Wheaton Oaks Court
                Wheaton, Illinois 60187
    4
                   Appeared on behalf of the
    5              Plaintiff;

    6      KNUCKLES, KEOUGH & MOODY, P.C.
           BY:  MS. GABRIELLA R. COMSTOCK
    7           1001 East Chicago Avenue
                Suite 103
    8           Naperville, Illinois 60540

    9              Appeared on behalf of the
                   Defendants.
   10

   11

   12

   13

   14

   15

   16

   17

   18

   19

   20

   21

   22

   23

   24



                   ChimniakCourtReporting.com
                        312.781.9111
☐

                                                              3
    1           THE CLERK:  Goldberg versus Astor.

    2           MR. DONNER:  Good afternoon, your

    3    Honor.  Ted Donner, D-o-n-n-e-r, on behalf

    4    of Mrs. Goldberg, the plaintiff.
                              Page 2
```

031708.txt

5       MS. COMSTOCK:  Gabriella Comstock on
6  behalf of the defendants, your Honor.
7       THE COURT:  Good afternoon and happy
8  St. Patrick's Day.
9       MS. COMSTOCK:  Same to you, your
10 Honor.
11      MR. DONNER:  Same to you.
12      MS. COMSTOCK:  The defendants are
13 before you on two motions.  Both the
14 motions are brought by my clients, the
15 first being a motion to compel the
16 complaint to name necessary parties, and
17 then our motion to appoint a special
18 process server.
19      MR. DONNER:  Your Honor, the motion
20 to compel was followed by an amended motion
21 to compel, which there is notice of filing
22 on but no notice of motion that was filed
23 roughly two, three weeks ago, which is
24 largely a lot of scurrilous comments about

                                        4

1  me and my clients, but it's an amended
2  motion to compel.
3       As a practical matter, I think
4  technically there is nothing before the
5  Court because an amendment kills the prior
6  pleading.
7       I think also a motion to compel

031708.txt

8   is the wrong document to be bringing when
9   you're saying you should name necessary
10  parties.  The Court should not be in a
11  position of saying to me, "Mr. Donner, you
12  should put this language in your
13  complaint."  What should be happening is
14  they should be moving to dismiss.  You
15  should be saying, "Your complaint is
16  insufficient.  It doesn't have what it
17  needs to survive."
18         They've chosen to do this by way
19  of a motion to compel, I think, because
20  they've already filed a motion to dismiss,
21  and your Honor already ruled about that.  I
22  wouldn't have had a problem with their
23  filing a motion to dismiss.  I think that's
24  what they should have done.

ChimniakCourtReporting.com
312.781.9111

5

1          But having said that, your
2   Honor, as a practical matter, when we
3   looked at the document originally the read
4   on it was we're trying to resolve this.
5   We're trying to get amicable resolutions
6   going.  If they want to drag other people
7   into the building, whether it's by way of
8   them filing their own contribution action
9   or saying, "Okay, bring everybody in," I
10  don't want to spend a lot of money briefing

031708.txt

11   issues. If they bring them in, then okay,
12   I will, and they'll bring their own motions
13   to dismiss. To me it's a question of what
14   the Court in its discretion wants to do.
15              I don't think anybody else is
16   necessary. We've alleged as against these
17   tortfeasors what we've alleged. But I
18   don't want to waste money on every single
19   pleading that comes in the door.
20              We just had a board meeting the
21   other day, your Honor, where it came to
22   light there is 120, 125,000 in fees having
23   been spent on this, over twice what I've
24   spent in the last year, and we haven't even

ChimniakCourtReporting.com
312.781.9111

6

1    done a single deposition yet.
2              So we want to try to not spend
3    money. Whatever you want us to do, we're
4    going to do just so we can move this case
5    along. That's our view of the world at
6    this point. We do object to it, but as a
7    practical matter it's not something that I
8    want to turn into another major briefing
9    war with them.
10             THE COURT: Good.
11             MR. DONNER: That's my perspective
12   on it.
13             MS. COMSTOCK: Your Honor, we simply

Page 5

031708.txt

14  want the necessary parties' names.  In
15  Count V the plaintiff has alleged that a
16  vote took place and unit owners who voted
17  in a certain manner are to be held
18  individually liable.
19              If she's going to take that
20  position, which is her complaint, then all
21  of the homeowners who voted that way should
22  be named.
23              In order for there to be a
24  consistent theory throughout that count,

ChimniakCourtReporting.com
312.781.9111

                                                       7

1   all of the owners -- the seven who voted in
2   favor -- should be named.  It's not going
3   to the merits.  It's going towards having
4   necessary parties before the Court so that
5   we can have a resolution to the matter.
6   The resolution, whatever it results in,
7   needs to have all of the necessary parties
8   joined.
9               What we have asked the Court to
10  do is to have the plaintiff, if they're
11  going to be going with that theory, to then
12  name all of those necessary parties.  It's
13  not uncommon for a defendant to ask that
14  all the necessary parties be named.  That's
15  all we're asking for.  We don't want it
16  that we don't have a complete resolution of

031708.txt

17  the case. And if the theory is those who
18  voted in favor should be held liable, then
19  all of those parties who voted in favor
20  should have their opportunity to be before
21  the Court.
22      Again, it's because they were
23  named as individual owners in the manner
24  that they voted that they have been named

ChimniakCourtReporting.com
312.781.9111

8

1   in Count V. And that's why we're asking
2   that they all be brought in at one time.
3   It simplifies it. If Mr. Donner is saying
4   that he wants to avoid any further delays,
5   this is one way to do it; to get all the
6   necessary parties before the Court.
7       MR. DONNER: Your Honor, their
8   motion -- their second motion is a motion
9   to appoint because they've named my
10  client's husband, who has no ownership
11  interest in this building whatsoever, as a
12  counterdefendant. They could do that with
13  anybody they want to apparently. If they
14  could certainly do it with somebody who
15  doesn't have any ownership interest in the
16  building, they could do it with somebody
17  who does. If they want to seek
18  contribution, they can.
19      My complaint, if I'm asked to

Page 7

031708.txt

| | |
|---|---|
| 20 | name them, is going to say, "I'm required |
| 21 | to name you as parties.  Here you are." |
| 22 | But I have no relief to seek against them. |
| 23 | They did not participate in the loan |
| 24 | documents themselves.  They did not |

ChimniakCourtReporting.com
312.781.9111

9

| | |
|---|---|
| 1 | participate in the entire transaction. |
| 2 | They voted on one piece of it, and I'm not |
| 3 | seeking relief as against them, as joint |
| 4 | tortfeasors or otherwise. |
| 5 | In fact, they have been slowly |
| 6 | changing their view of what is happening in |
| 7 | this case and hopefully everybody would be |
| 8 | -- if they want to bring them in, they can |
| 9 | bring them in.  If they want me to name |
| 10 | them, I'm going to name them, but it's not |
| 11 | going to say, "I want this from you," |
| 12 | because I don't want anything from them. |
| 13 | My client doesn't want anything from them. |
| 14 | If they get a document that |
| 15 | says, you know, Count IX, or whatever it |
| 16 | is, what I intend to do is let them see the |
| 17 | transcript with it so they know what this |
| 18 | is about and so they can bring their |
| 19 | motions to dismiss, which I also won't |
| 20 | oppose, and they will be gone. |
| 21 | MS. COMSTOCK:  Your Honor, it's the |
| 22 | plaintiff who -- |

031708.txt

23      MR. DONNER: It's a waste.
24      MS. COMSTOCK: I apologize. I

ChimniakCourtReporting.com
312.781.9111

 10

1      thought you were done.
2           The plaintiff chose this forum
3      and chose the allegations. And what is
4      before the Court is just their complaint.
5           In that complaint, and
6      specifically Count V is the only count I'm
7      referring to, allegations have been made
8      about a vote that was taken by these
9      individuals in their unit owner capacity.
10           If we're not pursuing this
11     because of a vote that was taken by unit
12     owners, then there shouldn't be any
13     individual liability asserted against them
14     in Count V.
15          But the meeting that plaintiff
16     is referring to is a unit owner meeting.
17     In order for the theory to stay consistent,
18     we have to have all the necessary parties
19     before the Court.
20          So if the position is that this
21     is something the board has decided, then
22     they can't be named in their individual
23     unit owner capacity because it was a unit
24     owner vote. So all I'm trying to do is get

11

1  to the heart of what has been asserted
2  against the parties.
3           And when there is allegations --
4  which have been cited in our motion. When
5  there is allegations showing it's because
6  of their unit owner capacity, because of a
7  vote that took place at a unit owner
8  meeting, it has to follow then that all of
9  the parties have to be before the Court.
10 And that's all we're asking.
11          We just want to ensure that all
12 of the necessary parties are before you for
13 everybody to have their opportunity.
14 Asking for individual liability against
15 these people comes back to their
16 participation in a unit owner vote.
17          If that's what the plaintiff is
18 asserting, then the plaintiff has to be
19 consistent and bring it against everybody.
20 If the theory is just other board capacity,
21 then don't have them in. Take out the
22 reference to unit owner and take out the
23 reference to their individual liability.
24          But that's not for me to decide,

031708.txt

12

1  nor is that what I'm asking this court to
2  decide.  I'm just going off what has been
3  alleged.
4       THE COURT:  Thank you.
5            I also thought it was -- when I
6  fist read the motion, I thought it was a
7  novel motion to ask me to order the
8  plaintiff to add parties.  I was more
9  familiar with the motion to dismiss with
10 failure to name parties.
11           But then I thought about it and
12 actually talked to a colleague, said, well,
13 sometimes, you know, the defendants have an
14 interest in making sure that all the
15 necessary parties are there.
16           So, it seems to me that those
17 individuals are necessary.  So, Counsel, if
18 you say you'll do whatever I ask you to do,
19 I'm going to ask you to make them
20 defendants.
21      MR. DONNER:  If I make them
22 defendants, your Honor, I won't be seeking
23 relief from them.
24      THE COURT:  I understand.

ChimniakCourtReporting.com
312.781.9111

13

1       MR. DONNER:  They would be nominal
2  defendants.

031708.txt

3      THE COURT: I think --

4      MR. DONNER: I don't think -- if
5 they want relief from them, I think what
6 they should be doing is an action for
7 contribution.

8      THE COURT: They'll have to consider
9 that.

10     MR. DONNER: Which they could do now
11 without me doing anything. It's just as
12 capable of bringing these people into the
13 case as I am. But I'll name them. I'll
14 put them in an additional count and put a
15 document out there that says Count X, or
16 whatever the number is. If that's what you
17 want, we'll do it.

18     THE COURT: I would like you to do
19 that.

20     MR. DONNER: Absolutely, your Honor.

21     THE COURT: Okay.

22     MR. DONNER: You know, I'm going to
23 attach this transcript to it as an exhibit
24 so they understand what's going on.

ChimniakCourtReporting.com
312.781.9111

14

1      THE COURT: Okay.

2      MR. DONNER: We'll take it from
3 there.

4      MS. COMSTOCK: Your Honor, I would
5 ask would there be a date by when that has

031708.txt

6       to be filed or --
7            THE COURT:  What would you suggest?
8       Within 28 days?
9            MR. DONNER:  28 days is certainly
10      fine, your Honor.
11           THE COURT:  Sure.
12           MR. DONNER:  Thank you.
13           MS. COMSTOCK:  Then, your Honor, the
14      other motion is a motion to appoint a
15      special process server.
16                As Mr. Donner indicated, we have
17      filed a counterclaim and haven't been able
18      to obtain service on some of the
19      counterdefendants that we named or
20      third-party defendants.  We ask that a
21      special process server be appointed.
22           THE COURT:  It's a routine motion.
23      It will be granted.
24           MS. COMSTOCK:  I don't believe we

ChimniakCourtReporting.com
312.781.9111

15

1       have any future dates.
2            MR. DONNER:  I don't believe we do
3       either, your Honor.  I guess the problem I
4       have is we've had our written discovery
5       ready to go, but this business of bringing
6       additional parties in means that we should
7       probably be waiting to commence discovery
8       until everybody is before the Court.  If

031708.txt

9  everybody is a necessary party, I'm
10  hard-pressed to get going.
11       I would like to at least serve
12  my written document request on counsel so
13  we can get going.
14       MS. COMSTOCK:  I have no objection.
15  I agree that we should get going.
16       THE COURT:  Good.
17       MR. DONNER:  We'll wait for
18  depositions until everybody is in.  But
19  written discovery I think we can start.
20       THE COURT:  Good.  I'd like to see
21  this case settle.
22       MS. COMSTOCK:  Thank you, your
23  Honor.
24       MR. DONNER:  So would I.  As a

ChimniakCourtReporting.com
312.781.9111

16

1  practical matter, we've been doing
2  everything we can.  I do want to note for
3  the record, your Honor, since this is a
4  also a status call, as of yesterday we met
5  with one of the other unit owners who I am
6  now being forced to name as a defendant who
7  was able to negotiate a bullet-by-bullet-
8  point list to us that we have turned over
9  to the other side for them to review.
10       There had been no settlement
11  discussions in this case for a long time,

031708.txt

```
12        your Honor, with one exception.  And I want
13        to note that because there is a case in
14        federal court which is a coverage action
15        that Astor Plaza brought against its
16        carrier to seek money to pay for its
17        defense costs.  The carrier initially
18        denied those defense costs, and they then
19        were removed to federal court by the
20        insurance carrier when they filed suit
21        against that carrier.
22                  In federal court they
23        represented to the court that the reason
24        Mrs. Goldberg, who would be a necessary
```

17

```
1         party, your Honor, under the same doctrine
2         we're talking about here today, in a
3         coverage dispute was not named because they
4         were in settlement negotiations with us.
5         No such negotiations were taking place.
6                   But inexplicably two days before
7         they filed that pleading, Ms. Comstock
8         called me and initiated settlement
9         discussions, which lasted about a week.  So
10        we are advising that court of what the
11        status was there.
12                  I'm hopeful we will have genuine
13        settlement discussions, your Honor, and I'm
14        hopeful the parties are able to do that,
```

031708.txt

15  because my read on what the attorneys have
16  been able to do is not very good.
17        MS. COMSTOCK: Your Honor, I think
18  that was very unfair of Mr. Donner to make
19  that statement. I'm not the attorney
20  representing the association in that
21  federal case. I don't even know what is
22  going on. I don't know what was
23  represented.
24        So any -- you know -- innuendo

ChimniakCourtReporting.com
312.781.9111

18

1   that that is something that I did is unfair
2   because that is not true. I'm not a part
3   of that case. I couldn't even tell you the
4   status. I couldn't even tell you where it
5   is right now.
6        All I can say is that whether
7   there was a communication by -- on my part
8   to discuss settlement thereafter, I don't
9   know -- it was coincidence at that point.
10  But it was nothing -- any representations
11  that I made to the federal court, because
12  I'm not representing the association in
13  that case, I don't know what it has to do
14  with anything in this case.
15        MR. DONNER: Your Honor, it may very
16  well be that the attorney in that case
17  misspoke when he said Ms. Comstock had

031708.txt

18   represented to the court that we were in
19   those discussions. We weren't obviously.
20   But that's the problem going on there.
21            I'm glad to hear that. I was
22   concerned about it when I read it the other
23   day.
24            In any event, your Honor, I

ChimniakCourtReporting.com
312.781.9111

19

1    would love to see something happen with
2    settlement. We've got that progress
3    yesterday. Maybe it will turn into
4    something.
5            THE COURT: The bullet points.
6            MR. DONNER: Yes.
7            THE COURT: Sounds like some
8    progress.
9            MR. DONNER: That's my view of it.
10           MS. COMSTOCK: Should we come back
11   sometime in early May? Looks like
12   Mr. Donner's pleading would be due towards
13   the end of April.
14           MR. DONNER: Your Honor, I'm going
15   to need to serve these people, too, though.
16   I don't know if you want us back before
17   they've --
18           THE COURT: Let's go later in May.
19           MS. COMSTOCK: All right.
20           THE COURT: Third week; 19th, 20th.

```
                        031708.txt
21         MR. DONNER:  That would be fine.
22         THE COURT:  All right.
23         MR. DONNER:  Thank you, your Honor.
24         MS. COMSTOCK:  Thank you, your


              ChimniakCourtReporting.com
                     312.781.9111
```

```
                                                 20
 1    Honor.
 2           THE COURT:  Thank you, both.
 3                  (Which were all the proceedings
 4                   had in this matter at this
 5                   time.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```

031708.txt

24

ChimniakCourtReporting.com
312.781.9111