IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 CV 6593 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) ) | Judge Gottschall<br><br>Magistrate Judge Keys |
| Defendants. | ) | |

## TRAVELERS' SURREPLY TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO REMAND CASE TO STATE COURT

Defendant, Travelers Casualty and Surety Company of America ("Travelers"), by and through its attorneys, submits its Surreply to Plaintiffs' Motion for Leave to File Amended Complaint and to Remand Case to State Court.

In their Reply, Plaintiffs for the first time suggest they did not initially name Goldberg, the plaintiff in the underlying case, as a defendant in this coverage action because they were in the midst of settlement discussions with her when they filed the instant suit. Travelers had noted in its Response that Plaintiffs had not offered any explanation as to why Goldberg was not named in the original complaint, suggesting an improper motive – to defeat diversity. Travelers' Response, p. 4. Moreover, Plaintiffs have never explained how joinder of Goldberg benefits *their* position or the disposition of the case. Id. Travelers commented that "[a]ny attempts by Plaintiffs to now justify why



Goldberg was not named in the original complaint should be met with great skepticism." Id., fn 1.

In their Reply, Plaintiffs have indeed attempted to explain why they did not initially include Goldberg as a defendant here. Plaintiffs wrote that "Goldberg was not originally made a party because there were some settlement discussions with her relative to the underlying case ..." Plaintiffs' Reply, p. 2. To support this contention, Plaintiffs rely upon an affidavit by Anthony G. Barone. Mr. Barone's affidavit, however, is legally insufficient and factually inaccurate.

Mr. Barone testified in Paragraph 2 as follows:

> 2.    *Before* the filing of the complaint in state court, the attorney representing Astor Plaza in the underlying action filed by Ms. Goldberg advised me not to name Ms. Goldberg because they were engaged in settlement discussions with Ms. Goldberg regarding her underlying case.

[Emphasis added.]

On its face, this testimony is clearly hearsay. It presents an out-of-court statement offered for the truth of the matter asserted and does not qualify for any hearsay exception. In any event, however, as shown below, there is strong evidence directly contradicting Mr. Barone's testimony.

Mr. Barone further testified as follows:

> 3.    In order to foster continued settlement discussions with Ms. Goldberg, we agreed it would not be prudent to file a complaint against her at that time because such an action would potentially have an adverse effect on the discussions, if not cause them to cease altogether.

> 4.    It was our assumption that because the matter was pending in state court, she would be added at a later date via a routine motion should settlement discussions fail.

Mr. Ted A. Donner, counsel for Goldberg in the underlying case, has provided an affidavit and a court transcript disputing Mr. Barone's testimony. Cavaliere affidavit, Ex. "A," with attached Donner affidavit, Ex. "1," and attached court transcript, Ex. "2". In that affidavit, Donner swears that "the defendants in the Goldberg litigation have refused categorically to participate in any serious settlement discussions and, from a review of [Donner's] email history, [Donner is] quite confident that this was true at the point in time that the [instant coverage] complaint was filed in this case." Donner affidavit, para. 6. Donner further testifies that "[a] review of the Goldberg case history confirms that, when the Goldbergs requested that the case be referred to mediation, not only was Astor Plaza not a willing participant, it opposed the motion and argued against any mediation." Donner affidavit, para. 7. In fact, Donner found Barone's representations to this Court "disturbing." Donner affidavit, para. 6.

Donner's affidavit also states that "shortly before filing [Plaintiffs'] reply brief in this case, counsel for Astor Plaza contacted me for the first time in my memory to affirmatively suggest that we discuss settlement." Donner affidavit, para. 10. Donner makes it clear that he views that approach, which he thought "odd", to be a thinly-veiled after-the-fact attempt to build a record supporting representations later made in Plaintiffs' Reply regarding Plaintiffs' motivation for not originally naming Goldberg. After making this gesture and filing their Reply, Plaintiffs withdrew their interest in mediation. Donner affidavit, para. 11. Donner testified that "there were no settlement discussions of any kind going on when the complaint was filed in this case (or for an extended period of time prior). Moreover, Mr. Donner expressed these same concerns to the court in the underlying litigation. Ex. "2," pp. 15 – 20.

Donner's affidavit raises serious issues regarding the merit of Plaintiffs' arguments supporting remand, as well as the veracity of their supporting factual representations. Given the facts set forth in Donner's affidavit, there is no credible evidence to suggest Plaintiffs' motivation for adding Goldberg is anything other than to defeat diversity jurisdiction and it appears Plaintiffs simply conjured up a post-hoc justification. As previously articulated in Travelers' Response, this motivation is improper and, as such, fatal to Plaintiffs' motion. Perez v. Arcobaleno, 261 F.Supp.2d 997, 1001 (N.D. Ill. 2003), citing Kortum v. Raffles Holdings Ltd., 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); Bridgestone/Firestone, Inc. v. Ford Motor Co., 129 F.Supp.2d 1202, 1207 (S.D. Ind. 2001).

For the foregoing reasons, Travelers respectfully requests that the Court enter an order denying Plaintiffs' Motion for Leave to File Amended Complaint and to Remand Case to State Court.

Respectfully submitted,

Travelers Casualty and Surety Company of America

By: _____
One of its attorneys

Peter F. Lovato, III, Esq. (No. 1695940)
Michael J. Rosen, Esq. (No. 6193177)
Emorico H. Cavaliere, Esq. (No. 6277233)
Boundas, Skarzynski, Walsh & Black, LLC
200 E. Randolph Street, Suite 7200
Chicago, IL 60601
Phone: (312) 946-4200
Fax: (312) 946-4272

P:\TRAV02\13562\PLEADINGS\Remand\Travelers' Surreply.doc