## AFFIDAVIT OF TED A. DONNER

The undersigned, being duly sworn, hereby states and attests as follows:

(1)    I am over the age of twenty-one (21) and competent to testify to the matters set forth herein.

(2)    I am an attorney licensed to practice law in the State of Illinois and the owner of Donner & Company Law Offices LLC, the firm representing Margaret Goldberg in Goldberg v. Astor Plaza, 06 CH 24682 (Cook County, Illinois) (the "Goldberg" litigation) and matters relating thereto.

(3)    In my capacity as counsel to Mrs. Goldberg, I am personally familiar with the factual circumstances surrounding any settlement negotiations which have been contemplated by her or have taken place as among the parties to that case, as well as any related books and records in her possession or control.

(4)    I have reviewed the complaint in *Astor Plaza v. Travelers, et al.*, 07 C 6593 (N.D. Ill.), as well as other documents of record, including one entitled "Affidavit of Anthony G. Barone" which is attached to the reply brief filed by Astor Plaza in February of this year in Docket entry no. 21, and which is discussed therein.

(5)    In the affidavit, and in the memorandum referencing the affidavit, Mr. Barone claims to have participated in a discussion with the attorney representing Astor Plaza in the Goldberg litigation. He claims that he was told specifically not to name Mrs. Goldberg as a defendant in this case because "they were in settlement discussions with Mrs. Goldberg regarding her underlying case" and "in order to foster continued settlement discussions, we thought it would not be prudent to file a complaint against her at this time because such an action would potentially have an adverse affect on the discussions, if not cause them to cease altogether." *Id.*

(6)    Such representations are particularly disturbing to me because, except for an odd series of events (described below), the defendants in the Goldberg litigation have refused categorically to participate in any serious settlement discussions and, from a review of my email history, I am quite confident that this was true at the point in time that the complaint was filed in this case.

(7)    A review of the Goldberg case history confirms that, when the Goldbergs requested that the case be referred to mediation, not only was Astor Plaza not a willing participant, it opposed the motion and argued against any mediation.

(8)    As of November 21, 2007, the date this case was filed, it had been over a month since this office received any communications from Astor Plaza's attorneys,

1



despite the fact that there were at the time (as there were often during the history of this case) outstanding requests for information about meetings which had taken place, discussions that had gone on with regard to coverage, etc. The most recent correspondence we show at the time was from October, 2007, when Astor Plaza had insisted that the Goldbergs keep providing additional information regarding a request they had been making to repair a broken window. Far from conciliatory, the general tenor of that correspondence was harassing and uncooperative.

(9)     The only correspondence I could find from anyone on the defense side of the Goldberg case during the two weeks prior to the filing of the complaint in this case, in fact, was an email from a neighbor who also felt he was being treated with something less than respect by the defendants in this case. Mark Karno, himself a lawyer practicing in Chicago who has a separate case pending against some of these defendants, had complained that he was having to replace mortar and suffering from other problems around his windows during an early cold snap, and the result of the construction project which had prompted Goldberg's lawsuit in the first place. The conciliatory message delivered by the defendants in that instance (obviously not intended to encourage settlement of the Karno litigation) was, "To quote Mark shit happens."

(10)    I did find that, shortly before filing their reply brief in this case, counsel for Astor Plaza contacted me for the first time in my memory to affirmatively suggest that we discuss settlement. See email of January 24, 2008 ("I would like to discuss with you some ideas to settle this matter. Is there a good time on Monday or Tuesday we can talk. Thanks").

(11)    After putting these discussions off for a period of over two weeks, after the reply brief was filed in this case and the representation made that there had been settlement discussions, Astor Plaza's counsel then went back to form, stating in an email dated February 17, 2008 that there was nothing to talk about ("I have discussed your request to stay the matter with the Defendants. The Defendants will not agree to stay the matter. Your client was the one who filed this lawsuit. So either the case continues to move ahead or she should dismiss it.").

(12)    Thus, there were no settlement discussions of any kind going on when the complaint was filed in this case (or for an extended period of time prior). Although the defendants made a surprising gesture regarding the possibility of discussing settlement just prior to telling this Court that such discussions had been going on, they then withdrew any suggestion that there was anything to talk about almost immediately after the filing was completed.

(13)    I had reviewed the aforesaid prior to appearing in the Goldberg case roughly a week ago. At the time, therefore, I pointed out to both the court and counsel for

2

Astor Plaza that I had reviewed the pleadings in this case and was surprised to learn that anyone was making such claims about settlement discussions in Goldberg. As the attached transcript confirms, Astor Plaza's counsel confirmed what I was saying to the court, leading me to again question why such representations were made to this court.

FURTHER AFFIANT SAYETH NOT.

Ted A. Donner

Dated: March 27, 2008

SUBSCRIBED AND SWORN TO
before me this 27th day of March, 2008

OFFICIAL SEAL
MELISSA M PIWOWAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/23/08

*Document prepared by:*
Ted A. Donner
DONNER & COMPANY LAW OFFICES LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
630-588-1131

3