031708.txt

   1

```
 1   STATE OF ILLINOIS )
                       ) SS:
 2   COUNTY OF C O O K )

 3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT - CHANCERY DIVISION
 4
     MARGARET GOLDBERG,         )
 5                              )
             Plaintiff,         )
 6                              )
         vs.                    ) No. 06 CH 24682
 7                              )
     ASTOR PLAZA CONDOMINIUM,   )
 8                              )
             Defendant.         )
 9

10

11           REPORT OF PROCEEDINGS had at the

12   hearing of the above-entitled cause before the

13   Honorable DANIEL A. RILEY, Judge of said Court, in

14   Room 2508, Richard J. Daley Center, Chicago,

15   Illinois, on the 17th day of March, 2008, at the

16   hour of 1:59 a.m.

17

18

19

20

21

22

23

24
```

ChimniakCourtReporting.com
312.781.9111

   2

```
 1        PRESENT:
```



EXHIBIT 2

```
                        031708.txt
  2    DONNER & COMPANY LAW OFFICES, LLC
         BY:   MR. TED A. DONNER
  3            1125 Wheaton Oaks Court
               Wheaton, Illinois 60187
  4
                   Appeared on behalf of the
  5                Plaintiff;

  6    KNUCKLES, KEOUGH & MOODY, P.C.
         BY:   MS. GABRIELLA R. COMSTOCK
  7            1001 East Chicago Avenue
               Suite 103
  8            Naperville, Illinois 60540

  9                Appeared on behalf of the
                   Defendants.
 10

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24


              ChimniakCourtReporting.com
                   312.781.9111
```

```
                                                  3
  1         THE CLERK:  Goldberg versus Astor.

  2         MR. DONNER:  Good afternoon, your

  3    Honor.  Ted Donner, D-o-n-n-e-r, on behalf

  4    of Mrs. Goldberg, the plaintiff.
                        Page 2
```

031708.txt

5       MS. COMSTOCK:  Gabriella Comstock on
6   behalf of the defendants, your Honor.
7       THE COURT:  Good afternoon and happy
8   St. Patrick's Day.
9       MS. COMSTOCK:  Same to you, your
10  Honor.
11      MR. DONNER:  Same to you.
12      MS. COMSTOCK:  The defendants are
13  before you on two motions.  Both the
14  motions are brought by my clients, the
15  first being a motion to compel the
16  complaint to name necessary parties, and
17  then our motion to appoint a special
18  process server.
19      MR. DONNER:  Your Honor, the motion
20  to compel was followed by an amended motion
21  to compel, which there is notice of filing
22  on but no notice of motion that was filed
23  roughly two, three weeks ago, which is
24  largely a lot of scurrilous comments about

ChimniakCourtReporting.com
312.781.9111

                                            4

1   me and my clients, but it's an amended
2   motion to compel.
3       As a practical matter, I think
4   technically there is nothing before the
5   Court because an amendment kills the prior
6   pleading.
7       I think also a motion to compel
Page 3

031708.txt

```
 8    is the wrong document to be bringing when
 9    you're saying you should name necessary
10    parties.  The Court should not be in a
11    position of saying to me, "Mr. Donner, you
12    should put this language in your
13    complaint."  What should be happening is
14    they should be moving to dismiss.  You
15    should be saying, "Your complaint is
16    insufficient.  It doesn't have what it
17    needs to survive."
18              They've chosen to do this by way
19    of a motion to compel, I think, because
20    they've already filed a motion to dismiss,
21    and your Honor already ruled about that.  I
22    wouldn't have had a problem with their
23    filing a motion to dismiss.  I think that's
24    what they should have done.
```

ChimniakCourtReporting.com
312.781.9111

5

```
 1              But having said that, your
 2    Honor, as a practical matter, when we
 3    looked at the document originally the read
 4    on it was we're trying to resolve this.
 5    We're trying to get amicable resolutions
 6    going.  If they want to drag other people
 7    into the building, whether it's by way of
 8    them filing their own contribution action
 9    or saying, "Okay, bring everybody in," I
10    don't want to spend a lot of money briefing
```
Page 4

031708.txt

11 issues. If they bring them in, then okay,
12 I will, and they'll bring their own motions
13 to dismiss. To me it's a question of what
14 the Court in its discretion wants to do.
15           I don't think anybody else is
16 necessary. We've alleged as against these
17 tortfeasors what we've alleged. But I
18 don't want to waste money on every single
19 pleading that comes in the door.
20           We just had a board meeting the
21 other day, your Honor, where it came to
22 light there is 120, 125,000 in fees having
23 been spent on this, over twice what I've
24 spent in the last year, and we haven't even

ChimniakCourtReporting.com
312.781.9111

6

1 done a single deposition yet.
2           So we want to try to not spend
3 money. Whatever you want us to do, we're
4 going to do just so we can move this case
5 along. That's our view of the world at
6 this point. We do object to it, but as a
7 practical matter it's not something that I
8 want to turn into another major briefing
9 war with them.
10           THE COURT: Good.
11           MR. DONNER: That's my perspective
12 on it.
13           MS. COMSTOCK: Your Honor, we simply

031708.txt

14   want the necessary parties' names.  In
15   Count V the plaintiff has alleged that a
16   vote took place and unit owners who voted
17   in a certain manner are to be held
18   individually liable.
19          If she's going to take that
20   position, which is her complaint, then all
21   of the homeowners who voted that way should
22   be named.
23          In order for there to be a
24   consistent theory throughout that count,

ChimniakCourtReporting.com
312.781.9111

7

1    all of the owners -- the seven who voted in
2    favor -- should be named.  It's not going
3    to the merits.  It's going towards having
4    necessary parties before the Court so that
5    we can have a resolution to the matter.
6    The resolution, whatever it results in,
7    needs to have all of the necessary parties
8    joined.
9           What we have asked the Court to
10   do is to have the plaintiff, if they're
11   going to be going with that theory, to then
12   name all of those necessary parties.  It's
13   not uncommon for a defendant to ask that
14   all the necessary parties be named.  That's
15   all we're asking for.  We don't want it
16   that we don't have a complete resolution of

031708.txt

17    the case.  And if the theory is those who
18    voted in favor should be held liable, then
19    all of those parties who voted in favor
20    should have their opportunity to be before
21    the Court.
22         Again, it's because they were
23    named as individual owners in the manner
24    that they voted that they have been named

ChimniakCourtReporting.com
312.781.9111

8

1    in Count V.  And that's why we're asking
2    that they all be brought in at one time.
3    It simplifies it.  If Mr. Donner is saying
4    that he wants to avoid any further delays,
5    this is one way to do it; to get all the
6    necessary parties before the Court.
7         MR. DONNER:  Your Honor, their
8    motion -- their second motion is a motion
9    to appoint because they've named my
10   client's husband, who has no ownership
11   interest in this building whatsoever, as a
12   counterdefendant.  They could do that with
13   anybody they want to apparently.  If they
14   could certainly do it with somebody who
15   doesn't have any ownership interest in the
16   building, they could do it with somebody
17   who does.  If they want to seek
18   contribution, they can.
19         My complaint, if I'm asked to

Page 7

031708.txt

20  name them, is going to say, "I'm required
21  to name you as parties. Here you are."
22  But I have no relief to seek against them.
23  They did not participate in the loan
24  documents themselves. They did not

ChimniakCourtReporting.com
312.781.9111

9

1   participate in the entire transaction.
2   They voted on one piece of it, and I'm not
3   seeking relief as against them, as joint
4   tortfeasors or otherwise.
5           In fact, they have been slowly
6   changing their view of what is happening in
7   this case and hopefully everybody would be
8   -- if they want to bring them in, they can
9   bring them in. If they want me to name
10  them, I'm going to name them, but it's not
11  going to say, "I want this from you,"
12  because I don't want anything from them.
13  My client doesn't want anything from them.
14          If they get a document that
15  says, you know, Count IX, or whatever it
16  is, what I intend to do is let them see the
17  transcript with it so they know what this
18  is about and so they can bring their
19  motions to dismiss, which I also won't
20  oppose, and they will be gone.
21          MS. COMSTOCK: Your Honor, it's the
22  plaintiff who --

031708.txt
23          MR. DONNER:  It's a waste.
24          MS. COMSTOCK:  I apologize.  I

ChimniakCourtReporting.com
312.781.9111

10

 1     thought you were done.
 2              The plaintiff chose this forum
 3     and chose the allegations.  And what is
 4     before the Court is just their complaint.
 5              In that complaint, and
 6     specifically Count V is the only count I'm
 7     referring to, allegations have been made
 8     about a vote that was taken by these
 9     individuals in their unit owner capacity.
10              If we're not pursuing this
11     because of a vote that was taken by unit
12     owners, then there shouldn't be any
13     individual liability asserted against them
14     in Count V.
15              But the meeting that plaintiff
16     is referring to is a unit owner meeting.
17     In order for the theory to stay consistent,
18     we have to have all the necessary parties
19     before the Court.
20              So if the position is that this
21     is something the board has decided, then
22     they can't be named in their individual
23     unit owner capacity because it was a unit
24     owner vote.  So all I'm trying to do is get

11

1  to the heart of what has been asserted
2  against the parties.
3              And when there is allegations --
4  which have been cited in our motion. When
5  there is allegations showing it's because
6  of their unit owner capacity, because of a
7  vote that took place at a unit owner
8  meeting, it has to follow then that all of
9  the parties have to be before the Court.
10 And that's all we're asking.
11             We just want to ensure that all
12 of the necessary parties are before you for
13 everybody to have their opportunity.
14 Asking for individual liability against
15 these people comes back to their
16 participation in a unit owner vote.
17             If that's what the plaintiff is
18 asserting, then the plaintiff has to be
19 consistent and bring it against everybody.
20 If the theory is just other board capacity,
21 then don't have them in. Take out the
22 reference to unit owner and take out the
23 reference to their individual liability.
24             But that's not for me to decide,

031708.txt

12

1   nor is that what I'm asking this court to
2   decide.  I'm just going off what has been
3   alleged.
4           THE COURT:  Thank you.
5               I also thought it was -- when I
6   fist read the motion, I thought it was a
7   novel motion to ask me to order the
8   plaintiff to add parties.  I was more
9   familiar with the motion to dismiss with
10  failure to name parties.
11              But then I thought about it and
12  actually talked to a colleague, said, well,
13  sometimes, you know, the defendants have an
14  interest in making sure that all the
15  necessary parties are there.
16              So, it seems to me that those
17  individuals are necessary.  So, Counsel, if
18  you say you'll do whatever I ask you to do,
19  I'm going to ask you to make them
20  defendants.
21          MR. DONNER:  If I make them
22  defendants, your Honor, I won't be seeking
23  relief from them.
24          THE COURT:  I understand.

ChimniakCourtReporting.com
312.781.9111

13

1           MR. DONNER:  They would be nominal
2   defendants.

Page 11

031708.txt

3   THE COURT: I think --

4   MR. DONNER: I don't think -- if
5   they want relief from them, I think what
6   they should be doing is an action for
7   contribution.

8   THE COURT: They'll have to consider
9   that.

10  MR. DONNER: Which they could do now
11  without me doing anything. It's just as
12  capable of bringing these people into the
13  case as I am. But I'll name them. I'll
14  put them in an additional count and put a
15  document out there that says Count X, or
16  whatever the number is. If that's what you
17  want, we'll do it.

18  THE COURT: I would like you to do
19  that.

20  MR. DONNER: Absolutely, your Honor.

21  THE COURT: Okay.

22  MR. DONNER: You know, I'm going to
23  attach this transcript to it as an exhibit
24  so they understand what's going on.

ChimniakCourtReporting.com
312.781.9111

14

1   THE COURT: Okay.

2   MR. DONNER: We'll take it from
3   there.

4   MS. COMSTOCK: Your Honor, I would
5   ask would there be a date by when that has

031708.txt

6   to be filed or --
7       THE COURT:  What would you suggest?
8   Within 28 days?
9       MR. DONNER:  28 days is certainly
10  fine, your Honor.
11      THE COURT:  Sure.
12      MR. DONNER:  Thank you.
13      MS. COMSTOCK:  Then, your Honor, the
14  other motion is a motion to appoint a
15  special process server.
16          As Mr. Donner indicated, we have
17  filed a counterclaim and haven't been able
18  to obtain service on some of the
19  counterdefendants that we named or
20  third-party defendants.  We ask that a
21  special process server be appointed.
22      THE COURT:  It's a routine motion.
23  It will be granted.
24      MS. COMSTOCK:  I don't believe we

ChimniakCourtReporting.com
312.781.9111

15

1   have any future dates.
2       MR. DONNER:  I don't believe we do
3   either, your Honor.  I guess the problem I
4   have is we've had our written discovery
5   ready to go, but this business of bringing
6   additional parties in means that we should
7   probably be waiting to commence discovery
8   until everybody is before the Court.  If

031708.txt
9  everybody is a necessary party, I'm
10 hard-pressed to get going.
11       I would like to at least serve
12 my written document request on counsel so
13 we can get going.
14       MS. COMSTOCK:  I have no objection.
15 I agree that we should get going.
16       THE COURT:  Good.
17       MR. DONNER:  We'll wait for
18 depositions until everybody is in.  But
19 written discovery I think we can start.
20       THE COURT:  Good.  I'd like to see
21 this case settle.
22       MS. COMSTOCK:  Thank you, your
23 Honor.
24       MR. DONNER:  So would I.  As a

ChimniakCourtReporting.com
312.781.9111

16
1  practical matter, we've been doing
2  everything we can.  I do want to note for
3  the record, your Honor, since this is a
4  also a status call, as of yesterday we met
5  with one of the other unit owners who I am
6  now being forced to name as a defendant who
7  was able to negotiate a bullet-by-bullet-
8  point list to us that we have turned over
9  to the other side for them to review.
10      There had been no settlement
11 discussions in this case for a long time,

Page 14

031708.txt

12  your Honor, with one exception. And I want
13  to note that because there is a case in
14  federal court which is a coverage action
15  that Astor Plaza brought against its
16  carrier to seek money to pay for its
17  defense costs. The carrier initially
18  denied those defense costs, and they then
19  were removed to federal court by the
20  insurance carrier when they filed suit
21  against that carrier.
22             In federal court they
23  represented to the court that the reason
24  Mrs. Goldberg, who would be a necessary

17

1   party, your Honor, under the same doctrine
2   we're talking about here today, in a
3   coverage dispute was not named because they
4   were in settlement negotiations with us.
5   No such negotiations were taking place.
6             But inexplicably two days before
7   they filed that pleading, Ms. Comstock
8   called me and initiated settlement
9   discussions, which lasted about a week. So
10  we are advising that court of what the
11  status was there.
12            I'm hopeful we will have genuine
13  settlement discussions, your Honor, and I'm
14  hopeful the parties are able to do that,

031708.txt

15   because my read on what the attorneys have
16   been able to do is not very good.
17          MS. COMSTOCK: Your Honor, I think
18   that was very unfair of Mr. Donner to make
19   that statement. I'm not the attorney
20   representing the association in that
21   federal case. I don't even know what is
22   going on. I don't know what was
23   represented.
24          So any -- you know -- innuendo

ChimniakCourtReporting.com
312.781.9111

18

1    that that is something that I did is unfair
2    because that is not true. I'm not a part
3    of that case. I couldn't even tell you the
4    status. I couldn't even tell you where it
5    is right now.
6           All I can say is that whether
7    there was a communication by -- on my part
8    to discuss settlement thereafter, I don't
9    know -- it was coincidence at that point.
10   But it was nothing -- any representations
11   that I made to the federal court, because
12   I'm not representing the association in
13   that case, I don't know what it has to do
14   with anything in this case.
15          MR. DONNER: Your Honor, it may very
16   well be that the attorney in that case
17   misspoke when he said Ms. Comstock had

031708.txt

18  represented to the court that we were in
19  those discussions. We weren't obviously.
20  But that's the problem going on there.
21            I'm glad to hear that. I was
22  concerned about it when I read it the other
23  day.
24            In any event, your Honor, I

19

1   would love to see something happen with
2   settlement. We've got that progress
3   yesterday. Maybe it will turn into
4   something.
5            THE COURT: The bullet points.
6            MR. DONNER: Yes.
7            THE COURT: Sounds like some
8   progress.
9            MR. DONNER: That's my view of it.
10           MS. COMSTOCK: Should we come back
11  sometime in early May? Looks like
12  Mr. Donner's pleading would be due towards
13  the end of April.
14           MR. DONNER: Your Honor, I'm going
15  to need to serve these people, too, though.
16  I don't know if you want us back before
17  they've --
18           THE COURT: Let's go later in May.
19           MS. COMSTOCK: All right.
20           THE COURT: Third week; 19th, 20th.

```
                         031708.txt
       21        MR. DONNER:  That would be fine.
       22        THE COURT:  All right.
       23        MR. DONNER:  Thank you, your Honor.
       24        MS. COMSTOCK:  Thank you, your


                  ChimniakCourtReporting.com
                         312.781.9111
```

```
                                                         20
        1   Honor.
        2           THE COURT:  Thank you, both.
        3                  (which were all the proceedings
        4                   had in this matter at this
        5                   time.)
        6
        7
        8
        9
       10
       11
       12
       13
       14
       15
       16
       17
       18
       19
       20
       21
       22
       23
```

```
                              031708.txt
24


                     ChimniakCourtReporting.com
                            312.781.9111
```