IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 07 CV 6593 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, *et al.* | ) ) ) ) ) | Judge Gottschall<br><br>Magistrate Judge Keys |
| Defendants. | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S SUR-REPLY REGARDING PLAINTIFFS' MOTION TO AMEND AND REMAND CASE TO STATE COURT

NOW COME the Plaintiffs, ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, by and through their attorneys, Anthony G. Barone and David M. Jenkins of Barone & Jenkins, P.C., and hereby submit this Response to Defendant's Sur-Reply Regarding Plaintiffs' Motion to Amend and Remand to State Court pursuant to 28 U.S.C. §1447(e).

Defendant Travelers Casualty and Surety Company of America ("Defendant") has filed a Sur-Reply in opposition to Plaintiffs' motion to amend and to remand to state court, contending that Plaintiffs have manufactured a post-hoc reason why Margaret Goldberg, the plaintiff in the state court case which underlies this insurance coverage dispute, was not originally named as a defendant in the present case, although she is a necessary party. In fact, Defendant goes so far as to accuse Plaintiffs' counsel of lying because Goldberg's counsel does not recall any "serious"

settlement discussions at the time the complaint was filed, and he is "quite confident" no such discussions had occurred. (Sur-Reply at p.3).

As established by the affidavits attached hereto, the reasons stated in Plaintiffs' Reply Brief for not including Goldberg in the original complaint was not a post-hoc pretext. Goldberg was named in the original draft complaint but was dropped form it. (Jenkins Aff. at ¶¶ 2-3). She was dropped after attorney Anthony Barone had a telephone conference with Gabriella Comstock (the attorney for Astor Plaza in the underlying case) and client William Loder. (Barone Aff. at ¶3). Ms. Comstock's recollection of the specific concerns is different from Mr. Barone's and counsel is not free to address them further due to the attorney-client privilege issues. (*Id.* at ¶4). As is set forth in the attached Affidavit from attorney Barone, there was no intent to mislead the Court. (*Id.* at ¶5). Barone simply must have misunderstood the context of the conversation. (*Id.*). The point remains, Goldberg was not originally named based on a strategic decision knowing that she would eventually need to be added as a Defendant. (*Id.*).

Attorney Jenkins can confirm that the original draft complaint that was prepared and submitted to Comstock for review had included Goldberg as a named defendant, but was changed after Barone's conversation. (Jenkins Aff. at ¶ 2). Relative to the January 2008 email from Comstock, that was nothing more than coincidence, as she was not apprised of the briefs filed in connection with the present matter. (*See* Jenkins Aff. at ¶4). Moreover, the relevant time period that is to be considered is the time prior to the date the Complaint was filed, and the decision not to name Goldman occurred prior to that date, October 2007.

In light of the above, Defendant cannot demonstrate that Plaintiffs' motivation in joining Goldberg as a defendant in this case through the present motion—which was to ensure the matter could be fully and fairly litigated with all necessary parties—was really a pretext contrived to

2

destroy jurisdiction. Federal courts are courts of limited jurisdiction. On a motion to remand, the non-moving party has the burden to establish the jurisdiction of the federal court; it is not the moving party's burden to prove the absence of jurisdiction. *Pacific Maritime Ass'n v. Mead*, 246 F.Supp.2d 1087 (N.D.Cal. 2003). Defendant, as the removing party here, bears the burden of establishing proper jurisdiction for the district court to keep the case. *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 451 (N.D.Ill. 1991); *see also Salvaggio v. Safeco Property & Cas. Ins. Companies*, 458 F.Supp.2d 283 (E.D.La. 2006). Because all doubts are to be resolved in favor of remand, if there are any disputed questions of fact or ambiguities in the controlling law, those issues must be resolved in favor of remand. *See Pacific Maritime*, 246 F.Supp.2d at 1089; *Baucom v. Pilot Life Ins. Co.*, 674 F.Supp. 1175, 1178 (M.D.N.C. 1987).

Likewise, the burden of proving that the plaintiff's intent to join a non-diverse defendant was in bad faith is a heavy one that is borne by the removing party. *Salvaggio*, 458 F.Supp.2d at 286. It is improper to conduct an evidentiary hearing to determine whether joinder is proper or not for purposes of a motion to remand, because the validity of the plaintiff's claim against the in-state defendant should be capable of summary determination. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983). Although the scope of the inquiry for the question of fraudulent joinder may go beyond to pleadings, the resolution of ambiguities or disputed facts are to be resolved in favor of the party who is accused of improper joinder. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Salvaggio*, 458 F.Supp.2d at 286.

Here, there was no improper motive for Plaintiffs' motion to add Goldberg as a necessary party to this action. Goldberg was not originally made a party. She was not sought to be added simply to defeat diversity jurisdiction, but she is a necessary party as set forth in Plaintiffs' motion to remand. Even if the affidavits Defendant submitted in connection with its Sur-Reply

are to be considered, they do not establish a bad faith motive or, at the very least, demonstrate a dispute over the facts which must be resolved in favor of a remand. Accordingly, as set forth in Plaintiffs' supporting memoranda of law, Plaintiffs have established a right to amend and to remand under 28 U.S.C. §1447(e) based on all the relevant factors and their motion should be granted.

Respectfully submitted,

**ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER**

By: _/s/ David M. Jenkins_
One of Their Attorneys

Anthony G. Barone (Atty. No. 06196315)
David M. Jenkins (Atty. No. 6211230)
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
630/472-0037

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant. | Case No. 07 CV 6593 <br><br> Judge Gottschall <br><br> Magistrate Judge Keys |

### AFFIDAVIT OF DAVID M. JENKINS

I, David M. Jenkins, being first duly sworn under oath, certify and state that I am over 18 years of age, and, if called as a witness in this matter, could competently attest to the following facts from personal knowledge:

1. I am one of the attorneys representing the Plaintiffs in the above referenced matter.

2. I was the person who personally drafted the original complaint that was prepared for filing in this case. The original complaint had included Margaret Goldberg as a named defendant.

3. I was then advised by Anthony Barone the client had requested to remove Goldberg as a defendant after he had a conversation with Gabriella Comstock.

4.  Gabriella Comstock was not kept apprised of the briefs filed in this case or the arguments made in the briefs filed for the Motion to Remand.

FURTHER Affiant sayeth naught.

_____
David M. Jenkins

Signed and Sworn to before me this
____th day of _____, 2008.

_____
Notary Public

Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, IL 60181
Telephone: (630) 472-0037

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASTOR PLAZA CONDOMINIUM ASSOCIATION, DANIEL G. MOHEN, TRAVIS W. COCHRAN, GEETA KRISHNAMURTHI, and WILLIAM S. LODER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 CV 6593 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) ) ) | Judge Gottschall<br><br>Magistrate Judge Keys |
| Defendant. | ) | |

### AFFIDAVIT OF ANTHONY G. BARONE

I, Anthony G. Barone, being first duly sworn under oath, certify and state that I am over 18 years of age, and, if called as a witness in this matter, could competently attest to the following facts from personal knowledge:

1. I am one of the attorneys representing the Plaintiffs in the above captioned matter.

2. I had forwarded a copy of the original draft Complaint in this matter to Gabriella Comstock, and that original complaint included Margaret Goldberg as a named Defendant.

3. Thereafter, I had a telephone conference with Gabriella Comstock and client, William Loder, regarding the draft Complaint, including the concerns about the presence of Ms. Goldberg as a Defendant.

4. After the Defendant filed its Sur-Reply in the above matter, I communicated with Ms. Comstock about the arguments Defendant made, and learned her recollection of the specific

concerns raised about the naming of Ms. Goldberg was different from my recollection. She did, however, express concerns, which is why Ms. Goldberg was not named. I am not free to address these issues further due to the attorney-client privilege.

5. There was no intent on my part to mislead the Court. I have been in practice for over twenty years and have never been accused of providing false information to any tribunal. I simply must have misunderstood the context of the conversation, as I was under the impression settlement discussions occurred. Nevertheless it was always my understanding that Ms. Goldberg would eventually be named as a Defendant.

6. I did not keep Gabriella Comstock apprised of the arguments raised in connection with the Motion to Remand.

FURTHER Affiant sayeth naught.

_____
Anthony G. Barone

Signed and Sworn to before me this
____th day of _____, 2008.

_____
Notary Public

Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, IL 60181
Telephone: (630) 472-0037

2